Statement.

92    653
102   329

92    653
107   334

## Richmond.

LEMMON AND OTHERS v. HERBERT, TRUSTEE, AND OTHERS.

MARCH 12, 1896.

Absent, Keith, P.*

1. CHANCERY PRACTICE—*Valid Decree, Though Erroneous, Cannot be Collaterally Assailed—Adequate Remedy at Law.*—A final decree of a court of equity having jurisdiction of the parties, and a general jurisdiction over equitable rights, interests, and remedies, is not null and void merely because the complainant had a full, adequate, and complete remedy at law; and, however erroneous such decree may be, it is conclusive until vacated or reversed, and cannot be collaterally assailed. Objections to a decree which merely show that it is erroneous, but fall short of showing that it is void, cannot be made in a collateral proceeding.

2. REMOVAL OF CAUSES—*Consent—Infants May Consent by Guardian ad Litem.*—The consent of all parties to the removal of a cause from one court having jurisdiction thereof to another court of like jurisdiction is equivalent to a motion by such parties for such removal, and the guardian *ad litem* of infant parties may give such consent for the infants.

Appeal from a decree of the Circuit Court of Fairfax county, pronounced July 8, 1892, in a suit in chancery wherein the appellees were the complainants, and the appellants and Richard H. Dulaney were the defendants.

*Affirmed.*

*James R. Caton* and *J. S. Lemmon*, for the appellants.

*J. K. M. Norton*, for the appellees.

* Judge Keith decided the case in the Circuit Court.

RIELY, J., delivered the opinion of the court.

Henry Rozier Dulaney was the owner of the estate in Fairfax county called " Shuter's Hill." By his will, which was admitted to probate in the County Court of the said county in 1839, he devised the said estate to his daughter Rebecca, upon condition that she cause to be erected thereon a monument to her mother and sister at a cost of $6,000, and that her husband, upon her marriage, should take the name of Henry Rozier Dulaney. He further provided in his will that if she declined to take the estate upon these conditions, then it was to go to her brother, Grafton Shelton Dulaney, together with the proceeds accruing from rents and otherwise.

Rebecca married Richard H. Dulaney in 1849, and she and her husband received the rents and profits of " Shuter's Hill " as long as she lived. She died in 1858, leaving several infant children and her husband surviving her, without having erected the said monument, and without her husband having taken the name of Henry Rozier Dulaney, as required by the said will.

In 1866, her brother, Grafton Shelton Dulaney, filed his bill in the Circuit Court of Fairfax county against her husband and children, in which he set forth the devise of the said estate to his sister Rebecca, and charged that the conditions of the devise had never been complied with ; that the estate, in consequence thereof, passed by the limitation in the will to him at her death, together with the rents and profits ; and prayed that the same be decreed to him, and such accounts be taken as were proper. A guardian *ad litem* was appointed for the infants, and their answer filed by him. Their father also filed his answer. The cause was then, by consent of parties, by counsel, removed to the Circuit Court of Alexandria, in which court, in December, 1866, it being heard on the bill and the will, filed as an exhibit therewith,

and upon the answer both of the infants by the guardian *ad litem* and also of the adult defendant, the court, construing the will, decided that the conditions of the devise to Rebecca Dulaney not having been performed, the limitation over of the estate to the complainant took effect, and decreed that the defendants surrender the estate to him.

He shortly thereafter conveyed the estate to John A. Carter and W. W. Herbert upon certain trusts, by virtue whereof the estate became the property of H. Grafton Dulaney upon his coming of age. At his death, which occurred December 8, 1890, he devised it, along with other property, to Arthur Herbert, Richard D. Roszell, and Julian T. Burke, upon certain trusts, with power to sell the said estate. The trustees having sold a part of it, and the heirs at law of Rebecca Dulaney having, after such sale, claimed title to Shuter's Hill, the former filed their bill in the Circuit Court of Fairfax county against the said claimants and Richard H. Dulaney, their father and the husband of Rebecca Dulaney, deceased, to remove such cloud from their title to the said estate. The defence to the suit was based on the alleged invalidity of the proceedings in the former suit, wherein it was held that the right of Rebecca Dulaney to the estate under the devise thereof to her was forfeited, and that the estate passed to Grafton Shelton Dulaney. Upon the hearing of the cause, the court decided that the children and husband of Rebecca Dulaney had no valid claim or right to the estate, and ordered that the trustees be quieted in their title to it. From this decree an appeal was taken to this court.

It is to be observed at the outset that the attack upon the decree of the court in the former suit was not by any direct proceeding to correct or annul it, if erroneous, but altogether collateral, and made twenty-five years after the decree was rendered.

The first ground relied on by the appellants in support of

their contention is that the bill set forth no ground of equitable jurisdiction, but was merely a declaration in ejectment in disguise; and that the remedy of the complainant for the enforcement of his claim, if valid, was full, adequate, and complete at law. This cannot be said to be a just description of the bill, but it is not our province, nor our purpose, to attempt to vindicate the correctness of the decree. Conceding, however, for the sake of argument, that the complainant had a complete remedy at law, and that the bill alleged no sufficient ground for the jurisdiction of a court of equity, still the decree would not be void and liable to collateral attack. It was a regular bill in chancery, and the case was proceeded in, without objection, in accordance with the pleadings and practice of a court of equity to a final decree. The bill was filed in, and the decree made by, a court of general jurisdiction over the subject matter of equitable rights, interests, and remedies. "The power to hear and determine a cause is jurisdiction." The court here had the power to decide whether the case made by the bill was within the jurisdiction of a court of equity; and, having proceeded in the case to a final decree, must of necessity have determined that question in favor of its jurisdiction. It may have erred in its decision, but such error would not avoid its decree. The decree would merely be erroneous, but conclusive until reversed or vacated. This court could not determine whether the case was one of equitable jurisdiction or not without an inquiry into the facts, and where inquiry is necessary the decree, however erroneous, is not void. *Fisher* v. *Bassett*, 9 Leigh 119, 131; *Cox* v. *Thomas*, 9 Gratt. 323, 328; *Gibson* v. *Beckham*, 16 Gratt. 321, 326; and *Cardoza, Sheriff*, v. *Epps, Sergeant, &c.*, decided at the last term.

"The proceedings and judgment of a court of chancery or of a court clothed with equity powers," says Mr. Pomeroy in his Equity Jurisprudence, sec. 129, "are not *necessarily* null

and void because the action is not one which comes within the scope of the 'equity jurisdiction,' in the common acceptation of that phrase; or, in other words, because the claim is one for which there is a full, adequate, and complete remedy at law." And again, after defining " equity jurisdiction," he says further, in sec. 130: "At the same time, if a court clothed with equity jurisdiction as thus described should hear and decide, according to equitable methods, a case which did not fall within the scope of the equity jurisprudence, because both the primary right invaded constituting the cause of action and the remedy granted were wholly legal, and belonging properly to the domain of law courts, such judgment, however erroneous it might be and liable to reversal, would not necessarily be null and void."

In *Goodman* v. *Winter*, 64 Ala. 410, 433, Brickell, chief justice, said: "Where a court of superior or of general jurisdiction is presented with a case of such character that, before rendering a final decree or judgment, it must determine whether it has jurisdiction to pass such judgment or decree as is invoked, and it is passed, collaterally the jurisdiction cannot be assailed nor the validity of the judgment or decree be drawn in question. The court has power to hear and determine, and the case is *coram judice.*" And further on he says: " It [the decree] may be erroneous, and it may be that, on demurrer or motion to dismiss for want of equity, the chancellor should have dismissed the bill. These were questions he had jurisdiction to decide, and if he erred the law points the mode of correcting the error. Until the decree is reversed, it is binding and conclusive, if the case, as presented by the bill, was of such a character that the court was bound to hear and determine whether it had jurisdiction to grant relief."

In *Mellen* v. *Moline Iron Works*, 131 U. S. 352, 367, Justice Harlan, in replying to the argument of counsel that

the court was without jurisdiction to make the decree that was being collaterally attacked, said: " In the view we take of the case, it is not necessary to determine the soundness of any of these propositions; for, if the court erroneously ruled upon any of them, its decree could not for that reason be assailed in a collateral proceeding. An adjudication that a particular case is of equitable cognizance cannot be disturbed by an original suit. Such adjudication is not void, even if erroneous."

The next ground of contention is that " Shuter's Hill" was not forfeited, as alleged in the bill, on account of the failure of Rebecca Dulaney, or those claiming under her, to perform the conditions of the will of Henry Rozier Dulaney, for the following reasons: That the conditions of the will being precatory in their character, there was no person who could compel their performance; that Rebecca Dulaney, having accepted " Shuter's Hill" under the devise contained in her father's will, she became seised thereof under the terms of the will in fee simple estate, which estate could not be divested by a failure to perform the conditions expressed in the will; that she had no power to require her husband to assume the name of Henry Rozier Dulaney, and, moreover, that such requirement was in restraint of marriage and contrary to public policy; that Grafton Shelton Dulaney acquired no interest whatever in the property, because the required monument had not been erected by the executors of the testator out of the residium of the estate devised to him by his father, and because Rebecca Dulaney had not declined, but accepted " Shuter's Hill" upon the conditions of the will; and other reasons of a similar character.

It will appear at a glance that these objections, while legitimate in argument to the court against the propriety of the decree asked for by the complainant in that suit, all refer to an erroneous and not a void decree. If well taken, they

furnished ground for the reversal of the decree, but not to establish that it was null and void; and not having been reversed, it is conclusive, and not subject to collateral attack.

The next ground of contention is that the Circuit Court of Alexandria, which entered the decree, did not have jurisdiction of the parties. The suit, as we have seen, was brought in the Circuit Court of Fairfax county, the proper forum for the institution of any suit in respect to the property in controversy, and was thence removed by the decree of the court, entered " by consent of parties, by their attorneys," to the Circuit Court of Alexandria, a court with similar jurisdiction. It is claimed that the court had no authority of law to make such removal. But this position is wholly untenable. By section 3 of chapter 174 of the Code of 1860 a circuit court was authorized, upon the motion of any party to a suit, to remove such suit to any other circuit court. It is contended that the statute only authorized such removal *after motion.* It is true that some party would have to ask for the removal, as it is not to be presumed that the court would suggest the removal, unless the judge was so situated as to render it improper for him to decide, or preside at the trial of, the cause; but, where all parties desire or are willing that the suit be removed, and so consent, such consent is tantamount to the motion provided for by the statute. The consent of all parties is in effect a motion by all parties, and no other motion was necessary. Surely the court could do, by consent of all the parties, what it would have the right to do upon the motion of any one of the parties. But it is further contended that the children of Rebecca Dulaney, who are the appellants here, being infants, could not consent to such removal, nor could their guardian *ad litem* consent for them. Authority to the contrary is to be found in the case of *Morris* v. *Virginia Insurance Co.*, 85 Va. 588, where a similar consent by the guardian *ad litem* was upheld as valid.

Other objections of a similar nature to those we have been considering were urged against the validity of the decree. It is unnecessary to consider them further in detail. They simply point out mere irregularities in the proceedings, which, if well founded, constitute at most only grounds for reversal, and do not furnish matter for successful collateral attack upon the decree.

The decree appealed from must be affirmed.

*Affirmed.*