# Richmond.

## GIVENS AND OTHERS v. CLEM.

November 21, 1907.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Parties.*—A widow who has not renounced her husband's will has no interest in land devised by him solely to his children, and cannot appeal from a decree adverse to the interest of the children, although a party to the suit in which the decree was rendered.

2. APPEAL AND ERROR—*Infants—Guardian ad Litem—Next Friend.*—A guardian *ad litem* may appeal in the names of the infants, by himself as such guardian, from a decree adverse to their interest, but if he fails to do so, the infants may appeal by some one as their next friend.

3. SPECIFIC PERFORMANCE—*Discretion—Sale by Executor—Injury to Beneficiaries.*—Specific performance rests in the sound judicial discretion of a court of equity, and will not be decreed against an executor, although he has a discretionary power of sale, where it would be prejudicial to the interests of infant beneficiaries who oppose the sale, and where the executor himself has refused to perform; but the purchaser will be left to his remedy at law against the executor. Although an executor acts in good faith, and within his powers, he will not be compelled to perform against the interest of his beneficiaries, even though the court would have compelled performance between two persons acting for themselves only.

Appeal from a decree of the Circuit Court of Augusta county. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Bumgardner & Bumgardner,* for the appellants.

*Turner K. Hackman,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The appellee instituted this suit against the executor, widow and children of W. C. Givens, deceased, for the specific execution of an agreement for the sale and purchase of a parcel of land belonging to the estate of the decedent, entered into between the appellee as purchaser and the executor as vendor.

The decedent devised the said land to his five children, all of whom were infants, but authorized his executor to manage and control the same during the minority of his youngest child, and to that end directed that he should receive all the rents and profits arising therefrom, and use the same in the maintenance and support of the children; and gave him the further authority to sell and convey the same, at any time during that period, if, in his judgment, the interest of the children would be promoted thereby.

After entering into the executory agreement for the sale of the land, the executor refused to complete the sale by conveying the property to the purchaser. Thereupon the appellee instituted this suit.

The defense relied on by the children, who answered by guardian *ad litem* (no answer being filed by the executor), was, that the executory agreement of sale should not be specifically executed, because it was prejudicial to their interests.

The circuit court directed one of its commissioners to make inquiry and report whether or not the complainant was entitled to a specific execution of the contract, and whether the confirmation of the sale by the court would be advantageous or prejudicial to the interests of the infant defendants. The commissioner reported that the infant defendants would be prejudiced by confirming or specifically executing the agreement of

sale, but that, under the law, notwithstanding that fact, the purchaser was entitled to the relief sought by his bill. The circuit court decreed that the agreement should be specifically performed; and from that decree the decedent's widow and the infant defendants, by her as their next friend, presented their petition for an appeal, which was allowed.

The appellee asks that the appeal be dismissed as to the widow, because she had no interest in the subject of the litigation; and as to the infants, because their guardian *ad litem* alone had the right to appeal on their behalf.

We are of opinion that the appeal should be dismissed as to the widow, as she, under her husband's will, which she does not appear to have renounced, had no interest in the land involved in this case. The guardian *ad litem* might have taken an appeal in the name of the infants, by himself as such, but if he did not they had the right to do so by some one as their next friend. They were parties to the suit, the owners of the land contracted to be sold, and were prejudiced by the decree from which the appeal was sought, which was an appealable decree, and therefore come clearly within the provisions of section 3454 of the code. See 22 Cyc. 706; 14 Ency. Pl. & Pr., 1058; *Stewart* v. *Crabbin,* 6 Munf. 280.

The only question involved in this appeal upon the merits is whether or not a court of equity will compel a fiduciary, vested with a discretionary power to sell lands devised to infants when, in his judgment, their interest will be promoted by a sale, to specifically perform an executory agreement entered into by him for its sale, when it appears that such agreement, when entered into, was prejudicial to their interest, and which he refuses to perform.

Where a trust is discretionary, as in this case, a court of equity has no jurisdiction to interfere with its exercise, so long as the trustee acts in good faith, either in exercising or in refusing to exercise the power vested in him. *Dillard* v. *Dillard,* 97 Va. 434, 34 S. E. 60, and cases cited; *Trout &c.* v.

*Pratt,* 106 Va. 431, 441, 444, 56 S. E. 165, 8 L. R. A. (N. S.) 398.

There is nothing in this case to show that the executor, in making the agreement of sale, was acting in bad faith. The most that can be said is that, in entering into the contract which he thought would promote the interests of the infant owners of the land, he was mistaken, and that, when he discovered his mistake, he refused to specifically perform his agreement.

It is well established that specific performance is not a matter of course—*ex debito justitiae*—but rests entirely in the judicial discretion of the court; not an arbitrary or capricious discretion, dependant upon the mere pleasure of the court, but that sound and reasonable discretion which governs itself as far as it may by general rules and principles, but which, at the same time, grants or refuses relief according to the circumstance of each particular case, where those general rules do not furnish any exact measure of justice between the parties. 2 Min. Inst. (1st. ed.) 984; *Bryan* v. *Loftus, Admr.,* 1 Rob. 12, 16-17; 39 Am. Dec. 242; *Shenandoah Val. R. Co.* v. *Lewis,* 76 Va. 833; *Fishburne* v. *Ferguson,* 85 Va. 321, 328, 7 S. E. 361; *Halsey* v. *Monteiro,* 92 Va. 581, 588, 24 S. E. 258.

In *Thompson* v. *Jackson,* 3 Rand. 504, 505, 15 Am. Dec. 721, it was said by Judge Carr: "The application to equity is not *ex debito,* but merely presents to the sound discretion of that forum this question: Is it better for the furtherance of justice, considering all the circumstances of the case, to give the party specific execution, or to leave him to his remedy at law?"

If the agreement were for the sale of the executor's own land, made under the circumstances of this case, it is clear, we think, that the furtherance of justice would require its specific execution. But where one of the contracting parties is exercising a power in making sale of another's land, it does not follow that the agreement of sale will be specifically executed in all cases against the beneficiary, where it would have been so

executed against the party acting for him, if the latter had been selling his own property.

In Pomeroy on Contracts (Specific Performance), sec. 180, it is said: "Contracts whose provisions, if carried into operation, would constitute or require a breach of trust by the party performing, * * * will never be specifically enforced by a court of equity."

In *Mortlock* v. *Buller,* 10 Vesey 292, Lord Eldon said in discussing the questions involved in that case: "Next, are they (the trustees) bound by their subsequent conduct as if there had been antecedent authority? Clearly they are not. The trustees never had the approbation of the husband and wife. They never can be said to be bound by the drafts settled by the solicitor; and in the very nature of the subject of sale, there were circumstances giving them *locus penitentiae* the moment they were informed there was a question whether the price was reasonable. But, supposing they were bound, that will not help the plaintiff to the relief prayed; for I am clearly of the opinion that their conduct was a breach of trust, not meaning to throw any imputation upon them, as the transaction was very likely to happen; but their duty was not to execute their power of selling, unless they knew a discretion had been wisely and fully exerted upon the point of reasonable price; unless they were satisfied that, upon that point, no reasonable objection could be made with reference to the interests of Mr. Buller, Mrs. Buller or the children who might come into existence. If the court had been called upon in the life of Mrs. Buller for a specific execution, there is so little ground for it under those circumstances, that, on the contrary, at the suit of the *cestui que trust* the trustees would have been restrained from executing. The question as to the interposition of the court between the plaintiff and Mr. Buller would have been different. But it would be impossible to decree a specific performance when, on the very same day, the court might be compelled to say it would be a breach of trust."

In the case of *White* v. *Cuddon,* 8 Clark & Fin., H. of L. Rep., 766, where it was held that if there was a substantial misdescription of the property, a court of equity would not enforce specific performance against trustees with compensation, as being prejudicial to the *cestui que trust* and incapable of being ascertained, Lord Campbell, in his opinion, said: "In selling the trust property in such a manner and with such a result, the trustees would certainly be guilty of a breach of trust. The contract cannot, therefore, be specifically enforced against them, and the purchaser ought to be left to an action at law to recover damages from them, adequate to the loss he can show that he has sustained by their breach of contract."

While in the case under consideration the agreement of sale, under the circumstances of the case, would not amount to a breach of trust if carried into effect, still, we do not think it would be in the furtherance of justice to compel the executor to do what, in his discretion, he does not think he ought to do, and what the record shows would be to the prejudice of the infant owners of the land; but the purchaser should be left to his remedy at law against his vendor. Pom. on Contracts. (Spec. Per.), sec. 180.

The decree appealed from must be reversed, and the complainant's bill dismissed, without prejudice to his right to proceed at law.

*Reversed.*