# Donna M. Stanley

## v.

# Fairfax County Department of Social Services, et al.

Record No. 901182

June 7, 1991

Present: All the Justices

*Barbara Sue Carter (Gardner & Carter*, on briefs), for appellant.

*David T. Stitt, County Attorney (Robert Lyndon Howell, Deputy County Attorney; Ann Gouldin, Assistant County Attorney*, on brief), for appellee Fairfax County Department of Social Services.

*Jeanne B. Lynch (Kinsey, Lynch & Filipour*, on brief), for appellee Jeanne B. Lynch, Guardian Ad Litem.

JUSTICE WHITING delivered the opinion of the Court.

In this appeal we decide whether a guardian ad litem of children has standing to petition for termination of the residual rights of parents.

On May 13, 1985, the Juvenile and Domestic Relations District Court of Fairfax County (the J&DR Court) found that Melvin and Donna M. Stanley had neglected and abused their three children. The J&DR Court also awarded the custody of the children to the Fairfax County Department of Social Services (the department).

On December 1, 1987, after the department's extensive efforts to counsel the parents had failed, the department filed foster care plans recommending adoption as the ultimate goal for the Stanley children. These plans further stated that the department intended to petition the court for termination of the Stanleys' residual parental rights.

For reasons not disclosed in the record, the department did not file such petitions. However, on January 21, 1988, Jeanne B. Lynch, the guardian ad litem appointed to represent the three children, filed petitions to terminate both parents' residual rights to the children. On September 22, 1988, the department amended its foster care plan for one of the children to vest his maternal grandmother with his physical custody.

On November 15, 1988, the J&DR Court terminated both parents' residual rights with respect to the three children as provided in Code § 16.1-283(A).[1] Donna, but not Melvin, appealed to the circuit court. On February 24, 1989, the circuit court terminated Donna's parental rights. Donna appealed to the Court of Appeals which, on July 17, 1990, affirmed the circuit court's ruling as to two of the children but reversed its ruling as to the child who was in the maternal grandmother's physical custody.[2] *Stanley v. Fairfax County Dep't of Social Services*, 10 Va. App. 596, 605, 395 S.E.2d 199, 204 (1990). Deeming the question of the guardian ad litem's standing to petition for termination of parental rights to be one of significant precedential value, we awarded Donna an appeal limited to that issue.

 Donna argues that a guardian ad litem can take no affirmative action to deprive his ward of any substantive right the ward already enjoys. Donna claims that a guardian ad litem has only an "advisory role." However, we have not regarded that role as merely advisory; instead, we have recognized that a guardian ad litem can appeal an adverse ruling, *see Givens* v. *Clem*, 107 Va. 435, 437, 59 S.E. 413, 414 (1907), and can consent to a transfer to another jurisdiction of a case involving an infant's rights. *Lemmon* v. *Herbert*, 92 Va. 653, 659, 24 S.E. 249, 251 (1896). Accordingly, we conclude that a guardian ad litem may file affirmative pleadings necessary to protect the ward's interest.

---

[1] Code § 16.1-283(A) provides in pertinent part:
The residual parental rights of a parent or parents may be terminated by the court as hereinafter provided in a separate proceeding if the petition specifically requests such relief. No petition seeking termination of residual parental rights shall be accepted by the court prior to the filing of a foster care plan, pursuant to § 16.1-281, which documents termination of residual parental rights as being in the best interests of the child.

[2] The Court of Appeals' reversal as to the one child was on the ground that the last-filed foster care plan did not recommend termination of Donna's rights to that child, as implicitly required by Code § 16.1-283, but instead recommended his continued physical custody with his maternal grandmother.

■ Finally, although Code § 16.1-283 is silent as to *who* may initiate termination proceedings, Donna notes that this section prohibits the filing of a termination petition prior to the filing of a foster care plan documenting termination as being in the best interest of the children. And Donna points out that Code § 16.1-281 expressly requires that the department prepare and file such foster care plans in the Stanley cases. Asserting that these code sections must be strictly construed, Donna concludes that because the filing of a foster care plan by the department is a necessary predicate to a termination proceeding, the legislature must have intended that the department would be the *only* entity that could file a termination petition in these cases. We do not agree.

■ We will not give this procedural aspect of Code § 16.1-283 a strict construction. It is intended to provide for the protection of abused and neglected children. In describing the purpose and intent of the "Juvenile and Domestic Relations District Court Law," Code §§ 16.1-226 to -334, Code § 16.1-227 provides that such law "shall be construed liberally and as remedial in character. . . . It is the intention of this law that in all proceedings the welfare of the child and the family is the paramount concern of the Commonwealth . . . ." And the best interest of the child must be the primary concern of the court. *Bailes* v. *Sours*, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986).

■ Even though Code § 16.1-283 says nothing about *who* may file a petition for termination of parental rights, Code § 16.1-241(A) (1990 Supp.) provides that "[t]he authority of the juvenile court to adjudicate matters involving the . . . disposition of a child shall not be limited to the consideration of petitions filed by a mother, father, or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein."[3] A guardian ad litem certainly has a legitimate interest in whether his ward is to be subjected to continued abuse and neglect.

■ Further, Code § 16.1-266(A) requires the J&DR Court to "appoint a discreet and competent attorney-at-law as guardian ad litem to represent the child" in abuse and neglect proceedings as well as in proceedings involving the termination of residual parental rights. And, Code § 8.01-9 requires that "[e]very guardian ad litem shall faithfully represent the . . . interest of the person

[3] The "disposition of a child" includes the court's power to terminate residual parental rights. Code §§ 16.1-279(A)(5), -283.

under a disability for whom he is appointed." Therefore, if a guardian ad litem feels that the best interests of his ward compel termination of the parents' residual rights, he can and should file an appropriate termination petition.

For all these reasons, we conclude that a guardian ad litem has standing to file a petition for termination of residual parental rights. Accordingly, we will affirm the judgment of the Court of Appeals.

*Affirmed.*

CHIEF JUSTICE CARRICO, with whom JUSTICE STEPHENSON joins, dissenting.

I would reverse. A guardian ad litem is "a special guardian appointed by the court in which a particular litigation is pending to represent an infant, ward or unborn person in that particular litigation, and *the status of guardian ad litem exists only in that specific litigation in which the appointment occurs." Black's Law Dictionary* 706 (6th ed. 1990) (citation omitted) (emphasis added).

In this case, the guardian ad litem was appointed in the initial proceeding brought by the Department of Social Services to have the children declared wards of the court. In my opinion, the guardian ad litem's authority extended only to that particular litigation. Accordingly, I would hold that the guardian ad litem did not have authority to institute the "separate proceeding" required by Code § 16.1-283(a) for termination of the residual rights of the children's parents.

Neither *Lemmon* v. *Herbert*, 92 Va. 653, 24 S.E. 249 (1896), nor *Givens* v. *Clem*, 107 Va. 435, 59 S.E. 413 (1907), cited by the majority, is contrary to my view of the matter. Each case involved action taken by a guardian ad litem in the specific litigation in which the appointment occurred and did not consist of anything remotely resembling the institution of a separate proceeding for the termination of residual parental rights.