COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


LOIS EVONE CHERRY HASH

                                    MEMORANDUM OPINION*
v.    Record No. 1058-99-3              PER CURIAM
                                     OCTOBER 26, 1999
CAMPBELL COUNTY DEPARTMENT
 OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                    J. Michael Gamble, Judge

            (Craig P. Tiller; Davidson, Sakolosky,
            Moseley & Tiller, P.C., on brief), for
            appellant.

            (David W. Shreve, County Attorney, on brief),
            for appellee.

            (Aubrey J. Rosser, Jr., on brief), Guardian
            ad litem for the minor child.


     Lois Evone Cherry Hash appeals the decision of the circuit

court placing her child in permanent foster care.  The trial

court found that the child was a neglected child, that Campbell

County Department of Social Services made diligent but

unsuccessful efforts to return the child home, and that no less

drastic alternatives existed which could reasonably and

adequately protect the child's life and health.  On appeal, the

mother contends that (1) there was insufficient credible

evidence to support the trial court's findings that the child

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

was neglected, that reasonable efforts had been made to prevent removal of the child from the mother's home, and that there are no less drastic alternatives than removal to reasonably and adequately protect the child's life and health; (2) there was insufficient credible evidence to support the trial court's finding that the Department made diligent but unsuccessful efforts to place the child with the mother; (3) the trial court abused its discretion by finding permanent foster care was the appropriate permanency planning goal; and (4) the trial court abused its discretion by placing the child in the legal custody of the Department.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

The record on appeal includes, among other items, reports from the court-appointed special advocate and a written statement of facts summarizing the testimony given below.  "On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).  We view the evidence in the light most favorable to the prevailing party below, affording it reasonable inferences fairly deducible therefrom.  The trial court's judgment, based on evidence heard

-

ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.  Id.

Under Code § 63.1-206.1, a court may authorize the placement of a child in permanent foster care.  The statute provides, in pertinent part, as follows:

> A court shall not order that a child be placed in permanent foster care unless it finds that (i) diligent efforts have been made by the local department to place the child with his natural parents and such efforts have been unsuccessful, and (ii) diligent efforts have been made by the local department to place the child for adoption and such efforts have been unsuccessful or adoption is not a reasonable alternative for a long-term placement for the child under the circumstances.

Code § 63.1-206.1(A).  The statutory requirements must be proved by a preponderance of the evidence.  See generally Padilla v. Norfolk Div. of Soc. Serv., 22 Va. App. 643, 645, 472 S.E.2d 648, 649 (1996).  Cf. Code § 16.1-283 (clear and convincing evidence required to support a petition to terminate parental rights).

### Issues I and II

The mother contends that the Department failed to present sufficient credible evidence that the child was neglected, that reasonable efforts were made to prevent the removal of the child from her home, that no less drastic alternatives were available, or that the Department made diligent but unsuccessful efforts to

-

place the child with the mother.  We find sufficient evidence supports the trial court's decision.

The Department first removed the child from the home in May 1994 pursuant to a Preliminary Removal Order and following a founded complaint of neglect.  In September 1994, when the Department returned the child and her brother home, the mother was directed to avoid alcohol, consume only prescribed medications, and attend counseling.  The Department obtained another Order and removed the children again in December 1994 following a founded complaint that they were left unattended.  The Department arranged in-home counseling, which the therapist discontinued because the mother refused to acknowledge she needed detoxification.  The Department again returned the children home in October 1996 and provided additional home-based therapy to the mother and the child to assist with continuing power struggles between them.  In February 1998, the child attempted suicide and was hospitalized for ten days.  Conflict between the mother and the child continued after the child returned home.  The mother then entered into a voluntary non-custodial foster care placement agreement.  The child was placed in a foster home.  When the mother sought to cancel the agreement, the Department sought a judicial determination of the appropriate custody.

The mother conceded at trial that she had problems in the past with alcohol and drug abuse, arising in part from pain

-

medications she took following a serious accident. She also acknowledged that she could not think clearly and had difficulty parenting while she was abusing her medications and alcohol. The mother testified that she successfully overcame her problems of substance abuse and was now capable of parenting. The mother called Dr. Burns, who testified that he began treating the mother in July 1998. He recommended that she enter detoxification and pain management programs. The mother did not enter either program but accomplished the goals of these programs. He regulated the mother's prescriptions and saw no evidence of drug or alcohol abuse during the time he treated her. He also conducted drug screening. He had not treated the mother since January 1999 although she saw another doctor in the same office.

The Department's witnesses testified that permanent foster care was the goal chosen because there was a bond between the mother and child that made adoption inappropriate and because prior reunifications had failed. Bill Aiken testified that he provided home-based therapy to the family during the period of October 1997 through September 1998. Aiken testified that there was discord in the family during the time the mother was married to Ambrose Hash, from whom she was now divorced. In addition, the record included a psychological report prepared by Dr. E. Wayne Sloop in September 1998 which stated that the mother showed "evidence of personality disorder and cognitive

-

problems."  Dr. Sloop opined that these problems "will certainly

pose problems and difficulties as [mother] attempts to function

as a parent for a strong-willed, perhaps somewhat volatile and

emotionally labile teen-aged daughter, but they do not combine

to produce a conclusion that she is unable to minimally parent

her daughter."  The trial judge also spoke with the child in

chambers.

"When addressing matters concerning a child . . . the

paramount consideration of a trial court is the child's best

interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

> In matters of a child's welfare, trial
> courts are vested with broad discretion in
> making the decisions necessary to guard and
> to foster a child's best interests.  A trial
> court's determination of matters within its
> discretion is reversible on appeal only for
> an abuse of that discretion, and a trial
> court's decision will not be set aside
> unless plainly wrong or without evidence to
> support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795

(1990) (citations omitted).  The record demonstrates that the

mother's substance abuse had impaired her ability to parent in

the past and that additional problems exist beyond those

connected with substance abuse.  The Department's previous

attempts to return the child home had not been successful,

despite in-home therapy services.  The child's suicide attempt

occurred after she had been in the home for more than one year.

The trial court had the opportunity to see and hear the

-

witnesses testify and to speak in chambers with the child. On review, we cannot say that the trial court's determination that the child's best interests were served by placement in permanent foster care was an abuse of its discretion or unsupported by evidence.

Issues III and IV

The mother contends that the trial court abused its discretion by finding permanent foster care was the appropriate goal for the child. Permanent foster care is not "a less drastic form" of termination of parental rights, "but rather is a different and distinct alternative." Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 23, 348 S.E.2d 13, 17 (1986). See also Stanley v. Fairfax County Dep't of Social Servs., 10 Va. App. 596, 605-06, 395 S.E.2d 199, 204 (1990), aff'd, 242 Va. 60, 405 S.E.2d 621 (1991). Evidence demonstrated that the bond between the mother and child made adoption not a reasonable alternative in this case. See Code § 63.1-206.1(A)(ii). The evidence also indicated, however, that the child needed permanency and stability. The record indicates that the child's life prior to her placement in foster care lacked consistent, responsible parenting. In foster care, her life was demonstrably more stable. While the mother is to be commended for gaining control over her substance abuse, the difficulties between the child and the mother arose from more than a single cause and encompassed more than just one area of

-

conflict.  The child is entitled to remain in an environment that is conducive to her health and well-being.  Therefore, the trial court did not abuse its discretion by finding permanent foster care is the appropriate goal for this child or by placing the child in the legal custody of the Department.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.