COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


ALONZO LYNDELL WHITE

MEMORANDUM OPINION* BY
v.    Record No. 1086-98-2        JUDGE DONALD W. LEMONS
                                  DECEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  James B. Wilkinson, Judge

          Brent A. Jackson (Jackson, Pickus &
          Associates, on brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Alonzo Lyndell White appeals his conviction after a jury

trial in the Circuit Court of the City of Richmond of malicious

wounding and use of a firearm during the commission of malicious

wounding.  White alleges that the trial judge should have

declared a mistrial because of circumstances that arose during

closing arguments to the jury and further alleges that the

evidence was insufficient to sustain the verdict.  Finding no

error, we affirm the convictions.

     During closing arguments in the guilt or innocence phase of

the bifurcated felony trial before a jury, counsel for White

          * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

suggested that the reason the Commonwealth did not call Lamar Crews as a witness was because "Crews could not corroborate not [sic] one part of Daryl Jones' testimony." The assistant Commonwealth's attorney interrupted defense counsel's closing argument and declared, "That's a lie." The assistant Commonwealth's attorney requested the opportunity "to reopen the case and call Lamar Crews as my witness." The trial judge initially indicated his willingness to grant the motion, and White objected saying, "I think this scenario is appropriate for a mistrial in light of the fact that we are going outside of the confines of proper structure here." The trial judge did not treat defense counsel's declaration as a motion for a mistrial and did not grant or deny the purported motion. However, upon discovery that Lamar Crews had been present in the courtroom during defense counsel's closing argument, the trial judge denied the Commonwealth's motion to reopen the evidence.

Assuming without deciding that counsel's declaration was sufficient to constitute a motion for a mistrial, the basis of counsel's stated concern was the Commonwealth's motion to "reopen the evidence." The trial judge did not permit the Commonwealth to reopen the evidence; consequently, the record does not support the stated basis for a mistrial.

After closing arguments and after the jury retired to deliberate, the following colloquy occurred:

-

[COUNSEL]: Your Honor, I want to renew my motion at the end of the Commonwealth's case in chief.

THE COURT: Let it show he made a motion to strike the Commonwealth's evidence and the Court overruled it, at the conclusion of the Commonwealth's case and also at the conclusion of all the evidence.

[COUNSEL]: Also, Your Honor, I think what is appropriate at this time is a mistrial, in light of the fact that after the defense was up there arguing the closing arguments, that the Commonwealth, in rebuttal, attempted to bring on a witness which had been in observance of my argument.

THE COURT: Well, you could have called the witness.

[COUNSEL]: I understand that, Your Honor.

THE COURT: All right. I heard the motion. I overrule it.

[COUNSEL]: I feel that in light of the Commonwealth's actions he has unduly prejudiced the defendant in light of the fact that he pulled him up at the last moment, attempted to bring - -

THE COURT: I ruled on it.

[COUNSEL]: I beg your pardon?

THE COURT: I ruled on it.

[COUNSEL]: I understand.

THE COURT: All right. Thank you. We will wait for the jury. All right.

The trial judge treated counsel's statement as a motion for a mistrial and overruled it. To the extent that the motion simply restated an objection to "reopening the evidence," it was

-

properly denied because the trial judge did not reopen the evidence.

However, for the first time White injects a claim that "the Commonwealth's actions" "unduly prejudiced the defendant." Presumably, this claim relates to the jury being exposed to the efforts of the Commonwealth to call the witness and the colloquy that occurred between counsel and between counsel and the trial judge. His motion was untimely.

> [I]f a defendant wishes to take advantage on appeal of some incident he regards as objectionable enough to warrant a mistrial, he must make his motion timely or else be deemed to have waived his objection. Making a timely motion for mistrial means making the motion "when objectionable words were spoken."

Yeatts v. Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991) (citations omitted).

Finally, White maintains that the evidence was insufficient to support his convictions. At no time, either at the end of the Commonwealth's case in chief or at the conclusion of all of the evidence, did White state a specific reason why the evidence was insufficient. When considering sufficiency arguments on appeal, only specific objections advanced at trial will be considered. See George v. Commonwealth, 242 Va. 64, 281 n.4, 411 S.E.2d 12, 22 n.4 (1991). See Rule 5A:18; see also Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994).

-

For the reasons stated above, the convictions are affirmed.

                                          <u>Affirmed</u>.