COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


ALLEN LEWIS

MEMORANDUM OPINION[*] BY
v.       Record No. 1198-06-4       JUDGE ROSEMARIE ANNUNZIATA
DECEMBER 12, 2006
J. MICHAEL SHARMAN, GUARDIAN *AD LITEM*
 FOR THE MINOR CHILD


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

V. R. Shackelford, III (Shackelford, Thomas & Gregg, P.L.C., on
briefs), for appellant.

J. Michael Sharman, Guardian *ad litem* for the minor child
(Commonwealth Law Offices, on brief), for appellee.


Allen Lewis appeals the trial court's decision terminating his residual parental rights to

his child.  On appeal, Lewis contends the trial court erred by:  (1) finding that a foster care

service plan documenting termination of his parental rights as being in the best interests of the

child was filed prior to the filing of the termination petition by the guardian *ad litem* for the child

pursuant to Code § 16.1-283(A); and (2) failing to give consideration to granting custody of the

child to relatives and failing to grant authority to place the child for adoption pursuant to Code

§ 16.1-283(A).  For the reasons that follow, we reverse the trial court's decision terminating

Lewis's parental rights.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

We view the evidence in the light most favorable to the prevailing party in the trial court and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

On July 7, 2004, the Culpeper Department of Social Services filed in the Culpeper Juvenile and Domestic Relations District Court (JDR court) a foster care service plan regarding the child. The plan identified return home with the concurrent goal of adoption as a program goal. The JDR court approved this plan on August 12, 2004. Less than two weeks later, on August 25, 2004, the child's guardian *ad litem* filed in the JDR court a petition for the termination of Lewis's parental rights pursuant to Code § 16.1-283(A) and (B). The Department filed a demurrer, noting that no petition for termination of parental rights had been filed as required by Code § 16.1-283(A) and, further, that a foster care plan with a goal of returning the child home had been filed. On December 2, 2004, the JDR court ordered the Department "to file a plan for termination" on December 29, 2004. The order noted the Department's objection but did not specifically rule on the demurrer. On December 29, 2004, the Department filed a foster care service plan identifying a program goal of adoption and documenting termination of parental rights as being in the best interests of the child.

The Department filed a "joinder in petition," dated February 11, 2005, joining the guardian *ad litem's* petition for termination. Five months later, the Department also filed its own petition for the termination of Lewis's parental rights, dated July 1, 2005, alleging Code § 16.1-283(C). The petition incorporated by reference an attached addendum, which provided in part: "All prior pleadings, including the Petition filed by the child's guardian *ad litem*, filed concerning this child are incorporated herein by reference, and all foster care plans previously

filed concerning this child are incorporated herein by reference." Both counsel for the Department and the guardian *ad litem* signed the addendum.

On August 23, 2005, the JDR court entered an order terminating Lewis's parental rights to the child. The order denotes only the Department as the petitioner in the case and grants termination pursuant to Code § 16.1-283(C). Lewis appealed the JDR court's decision to the trial court.

The trial court held hearings on the matter on January 3, 2006 and February 10, 2006. At the January 3, 2006 trial court hearing, the Department moved for a nonsuit, which the trial court granted. The trial court allowed the termination case to continue, ruling the case could "go forward on the guardian's initial petition since it was incorporated in a later petition" signed by the guardian *ad litem*. The trial court ordered the termination of Lewis's parental rights to the child. This appeal followed.

Analysis

Lewis contends the trial court erred by finding that a foster care service plan which documented termination of parental rights as being in the best interests of the child was filed in this case prior to the filing of the petition seeking termination of Lewis's parental rights as required by Code § 16.1-283(A).

The relevant provision of Code § 16.1-283(A) states: "No petition seeking termination of residual parental rights shall be accepted by the court prior to the filing of a foster care plan, pursuant to [Code] § 16.1-281, which documents termination of residual parental rights as being in the best interests of the child."

> Code § 16.1-283 . . . directly limit[s] the right to initiate a termination petition by . . . requiring the filing of a foster care plan submitted in conformance with Code § 16.1-281, documenting termination as being in the best interests of the child. Therefore, under Code § 16.1-283, no termination petition can be accepted by the court unless the local board of public welfare or social services,

or other child welfare agency which has custody of the child, presents the court with a foster care plan recommending termination as being in the best interests of the child. Thus, . . . Code § 16.1-283 does not restrict [a] guardian *ad litem* from initiating a termination petition as long as the required foster care plan recommending termination has also been filed.

Stanley v. Fairfax County Dep't of Soc. Servs., 10 Va. App. 596, 603, 395 S.E.2d 199, 202 (1990), aff'd, 242 Va. 60, 405 S.E.2d 621 (1991).

In Stanley, we held that "Code § 16.1-283 implicitly requires that the petition seeking termination of parental rights be directly preceded or accompanied by a foster care plan documenting that termination of parental rights is in the best interests of the child." Id. at 605, 395 S.E.2d at 204.

> To accomplish the legitimate governmental objective and to protect the parental interests, the Department [of Social Services] and the courts are required to follow the statutory scheme the legislature enacted. In addition to assuring that the Department performs its legitimate functions, the requirement "to comply strictly with the statutory scheme" guarantees proper notice is given to the parents before the irreversible disposition of terminating parental rights occurs. Succinctly stated: "Due process demands it."

Strong v. Hampton Dep't of Soc. Servs., 45 Va. App. 317, 322, 610 S.E.2d 873, 876 (2005).

In Strong, the Court stated:

> [I]f the Department wished to pursue termination of the parental rights, the Department had a duty to first file a foster care plan in the district court with the goal of terminating parental rights in compliance with Code § 16.1-283. *The statute mandates that this be done before filing a petition to terminate parental rights.*

Id. at 323, 610 S.E.2d at 876 (emphasis added). Strict compliance with the statutory scheme is required before the court can sever the natural and legal bond between parent and child. Rader v. Montgomery County Dep't of Soc. Servs., 5 Va. App. 523, 526, 365 S.E.2d 234, 236 (1988).

In this case, the only procedurally adequate petition for termination of parental rights was filed by the Department on July 1, 2005. Although the addendum to the Department's July 1,

2005 petition for termination was signed by the guardian *ad litem* and stated that "All prior pleadings, including the Petition filed by the child's guardian *ad litem*, . . . and all foster care plans previously filed concerning . . . [the] child are incorporated herein by reference," the addendum cannot be accorded legal status independent from the petition. The word, "addendum" is defined as "[s]omething to be added, esp. to a document; a supplement." Black's Law Dictionary 41 (8th ed. 2004). Moreover, the addendum was "incorporate[d] by reference" by the petition. To "incorporate by reference" is to make "a secondary document part of a primary document." Id. at 781. Therefore, as something added to or supplementary or secondary to the Department's petition, the addendum was part of and not independent from the Department's petition.

The August 23, 2005 order entered by the JDR court, terminating parental rights specifically denoted the petitioner as "Culpeper County Department of Social Services." It granted the Department's petition pursuant to Code § 16.1-283(C), and it granted no other petition. On Lewis's appeal from this order, the Department non-suited its petition acknowledging the Department committed "error." This nonsuit left no petition for termination remaining before the trial court.[1] The trial court, therefore, erred in ruling the case could proceed on the petition of the guardian *ad litem*.[2]

---

[1] Because we hold that the petition incorporating the addendum was non-suited, thereby precluding adjudication of the cause, we need not decide whether incorporating the guardian *ad litem's* petition for termination into the Department's petition filed subsequent to its filing a foster care plan for termination, brought the guardian *ad litem's* deficient petition into compliance with the dictates of Code § 16.1-283.

[2] In view of this holding, we need not address whether the trial court failed to properly consider granting custody of the child to relatives and failed to grant authority to place the child for adoption.

For the foregoing reasons, we reverse the decision of the trial court.

<u>Reversed.</u>