COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


AMANDA D. LEWIS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2133-07-4          JUGDE ROSEMARIE ANNUNZIATA
                                                    JUNE 10, 2008
VINCENT E. HYMAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

        Pamela L. Cave for appellant.

        Deborah N. Arthur for appellee.

        Thomas P. Sotelo, Guardian *ad litem* for the minor child.


        Amanda D. Lewis (mother) appeals from a child custody decree entered by the trial court.

On appeal, mother contends the trial court erred in (1) allowing the Guardian *ad litem* (GAL) for the

parties' child to remain in the case upon appeal from the juvenile and domestic relations district

court (JDR court), (2) failing to consider and enumerate all statutory factors contained in Code

§ 20-124.3, and (3) awarding custody to Vincent E. Hyman (father) contingent upon the monthly

drug testing of father's live-in girlfriend.  We find no error and affirm the rulings of the trial court.

        Mother was the child's primary caregiver following the child's birth in 1997.  In early 2007,

however, pursuant to a petition filed by father, the JDR court awarded primary custody of the child

to father.  Mother appealed that decision to the circuit court.  The circuit court also awarded primary

custody to father.  Mother appeals to this Court.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Mother contends the trial court erred in allowing the GAL to remain in the case upon appeal from the JDR court. She argues the presence of the GAL was not necessary because both parties were represented by counsel and the best interests of the child were protected. She also contends the GAL's continued involvement in the case was and is not sanctioned by statute.

The record does not contain the transcript of the hearing on mother's motion to remove the GAL. The transcript, however, is not indispensable to our determination of the *legal* issue presented by mother's contention that the GAL's continued involvement in the case was and is not sanctioned by statute. We disagree with mother's position.

In the trial court, mother relied on Code § 16.1-266(F) in support of her motion. That statutory subpart reads:

> In all other cases which in the discretion of the court require counsel or a guardian ad litem, or both, to represent the child or children or the parent or guardian, discreet and competent attorneys-at-law may be appointed by the court. However, in cases where the custody of a child or children is the subject of controversy or requires determination and each of the parents or other persons claiming a right to custody is represented by counsel, the court shall not appoint counsel or a guardian ad litem to represent the interests of the child or children unless the court finds, at any stage in the proceedings in a specific case, that the interests of the child or children are not otherwise adequately represented.

Mother's contention was and is that the GAL's appointment did not continue to the circuit court, and she attempted to use Code § 16.1-266(F) as a sword to remove the GAL from the proceedings. The statute, however, as part of Chapter 11 of Title 16.1, is by its very placement, wording, and nature, not applicable to circuit court proceedings and cannot be used in an offensive manner to remove an otherwise legitimately-appointed GAL.

Moreover, Code § 16.1-268 reads:

> The order of appointment of counsel pursuant to § 16.1-266 shall be filed with and become a part of the record of such proceeding. The attorney so appointed shall represent the child or parent, guardian or other adult at any such hearing *and at all other stages of the proceeding* unless relieved or replaced in the manner provided by law.

(Emphasis added.)

Although this statute is also contained in Chapter 11 of Title 16.1, its language indicates that the GAL's appointment and responsibilities continue throughout the course of the litigation, regardless of the forum. The Supreme Court of Virginia has also taken this view. In Stanley v. Fairfax County Dep't of Soc. Servs., 242 Va. 60, 64, 405 S.E.2d 621, 623 (1991), the Court held that the GAL had standing to file a petition to terminate parental rights in a JDR court. By so holding, the Court, at least by implication, acknowledged and affirmed the GAL's continued presence, authority, and standing in the case in courts beyond the JDR court.[1]

Furthermore, the statutes granting a court the power to appoint, retain or remove a GAL """"are not the exclusive sources of that power. Rather, they are non-exclusive codifications of an equitable power and responsibility dating back to chancery days.""" Ferguson v. Grubb, 39 Va. App. 549, 559, 574 S.E.2d 769, 773 (2003) (quoting Verrocchio v. Verrocchio, 16 Va. App. 314, 318-19, 429 S.E.2d 482, 485 (1993) (other citation omitted)). Thus, at the very least, the trial court had the inherent authority, as part of its equitable powers, to protect the best interests of the child by sanctioning the continued presence of the GAL in the litigation.

---

[1] See also Standards to Govern the Performance of Guardians Ad Litem for Children, Part J, adopted by the Supreme Court of Virginia (Effective Date: Sept. 1, 2003) ("The GAL should also ensure that the child has representation in any appeal related to the case regardless of who files the appeal. During an appeal process initiated by another party, the GAL for a child may file a brief and participate fully at oral argument.").

Mother also contends the presence of the GAL was not necessary because both parties were represented by counsel and the best interests of the child were protected. This contention concerns the facts and arguments presented to the trial court at its April 13, 2007 hearing on mother's motion. As such, we cannot reach this question without a transcript or written statement of facts relating to that hearing. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

II.

Mother contends the trial court erred when it failed to consider and enumerate all statutory factors involving matters of child custody and visitation required by Code § 20-124.3. On appeal, we view the evidence in the light most favorable to father, the prevailing party in the trial court. See D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005).

> When a trial court hears evidence at an *ore tenus* hearing, its factual findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support them. Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004); see also Ferguson v. Grubb, 39 Va. App. 549, 557, 574 S.E.2d 769, 772 (2003) (noting that, on appeal, the trial court's ruling is "peculiarly entitled to respect for [it] saw the parties, heard the witnesses testify and was in closer touch with the situation than the [appellate] Court, which is limited to a review of the written record" (internal quotations omitted)). Also, there is a presumption on appeal that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004).

Id.

Specifically, mother argues that the trial court failed to address the following factors:

- Mother's role as primary caregiver to the child;
- The child's bond with mother's other four children;
- The parents' abilities to meet the child's needs;
- The role each parent has played and will play in the child's upbringing;

- 4 -

- The ability of each parent to cooperate with the other; and
- The impact on the child of removal from her established family unit.

We disagree with the premise of mother's argument. The record shows, and the final order clearly states, that the trial court considered "the factors set forth in § 20-124.3 . . . ." "Although the trial court must examine all factors set out in Code § 20-124.3, 'it is *not* "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."'" Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) (quoting Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (other citation omitted)) (emphasis added). Thus, mother's argument that the trial court failed to "consider" the statutory factors is wholly without merit.

The trial court noted that both parties are good parents, that the child is bright, and that the court's decision was a difficult one. Nonetheless, after considering all the statutory factors, the court found that the decisive factors were the physical distance between the parties, the lack of structure in mother's home, and the individualized attention the child would receive in father's home.

We give deference to the trial court's findings. Those findings are supported by record evidence and are not plainly wrong. Therefore, "[w]e will not substitute our judgment for that of the trial court . . . ." Sullivan v. Jones, 42 Va. App. 794, 806, 595 S.E.2d 36, 42 (2004).

III.

Mother contends the trial court erred in awarding custody to father contingent upon monthly drug testing of father's live-in girlfriend. Specifically, she contends the court has no authority to enforce the contingency because the girlfriend is not a party to these proceedings.

The court's order reads as follows:

> Until further order of this Court and as a condition of the provisions herein, [father's girlfriend] shall submit to random drug testing in June 2007, July 2007, August 2007, September 2007,

- 5 -

> October 2007, November 2007 and every quarter thereafter to the extent that her first six random drug tests are negative. She shall submit herself to random drug testing within 24 hours of notice whether in person, by telephone or e-mail from the Guardian *Ad Litem* and shall forthwith submit her test results to this Court and the Guardian *Ad Litem*.

It matters not that the trial court cannot exercise authority over the girlfriend. The court can, however, exercise authority over the issue of custody of the child. Accordingly, if father cannot persuade his girlfriend to abide by the terms of the court's order, father faces the possibility of losing custody of the child and/or dissolving his relationship with his girlfriend. See Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986) (courts have wide discretion to make decisions to protect a child's best interests). We cannot say that the trial court abused its discretion in establishing this condition.

IV.

Mother, father and the GAL ask for attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because this appeal lacks merit, we grant the requests of father and the GAL. See Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005). We deny mother's request. Accordingly, we remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs. Id.

For these reasons, we affirm the judgment of the trial court, grant the requests of father and the GAL for attorney's fees and costs, and remand for determination of those fees and costs.

Affirmed and remanded.