Richmond

HARBOR CRUISES, INC.

v.

STATE CORPORATION COMMISSION and
HARBOR TOURS, INC.

January 12, 1979.

Record No. 780765.

Present: All the Justices.

*James E. Bradberry (Moore, Weaver, Moore & Bradberry*, on brief), for appellant.

*Wayne N. Smith* for appellees.

PER CURIAM.

Harbor Cruises, Inc. (Cruises), filed an appeal of right from a final order of the State Corporation Commission (Commission) awarding to Harbor Tours, Inc. (Tours), a certificate of public convenience and necessity under Chapter 14.1 of Title 56 of the Code (Code §§ 56-457.1 *et seq.*) to operate special or charter party service by boat over a fixed route from a point of origin on the Elizabeth River Esplanade in the City of Norfolk. Apparently satisfied with the Commission's order, Tours accepted the certificate as granted. It filed no appeal and has not appeared or filed a brief in this appeal by Cruises.

Cruises, a protestant before the Commission, in its assignments of error, in brief and on oral argument, attempts to challenge the Commission's authority, when issuing such a certificate, to restrict the certificate holder to operation over a fixed route, sailing from and returning to a fixed point of origin. Counsel for the Commission, by motion to dismiss the appeal, has questioned Cruises' standing to raise the issues which it now argues.

Although an appeal from a judgment of the Commission is allowed as a matter of right, an appealing party must have standing to prosecute the appeal; he must show an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest. He must also show that he has been aggrieved by the judgment or decree appealed from. He does not have standing to assert purely abstract questions, however interesting and important they may be, but has standing only to seek the correction of errors injuriously affecting him. *Insurance Association* v. *Commonwealth,* 201 Va. 249, 110 S.E.2d 223 (1959); *Nicholas* v. *Lawrence,* 161 Va. 589, 593, 171 S.E. 673, 674 (1933).

Failing to perceive how Cruises could be aggrieved or injured by what it says are unduly restrictive conditions attached to the certificate issued to one of its competitors, we hold that Cruises has no standing to raise the issues which it argues. We sustain, therefore, the Commission's motion and dismiss the appeal.

*Appeal dismissed.*