COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Powell
Argued at Alexandria, Virginia


JAMES EDWARD PERRY

                                                    OPINION BY
v.        Record No. 0945-08-4         JUDGE RANDOLPH A. BEALES
                                              NOVEMBER 3, 2009

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Benjamin N.A. Kendrick, Judge[1]

        Charles Burnham, Assistant Public Defender (Office of the Public
        Defender, on briefs), for appellant.

        John W. Blanton, Assistant Attorney General (William C. Mims,
        Attorney General, on brief), for appellee.


        A jury convicted James Edward Perry (appellant) of possession of phencyclidine (PCP)

pursuant to Code § 18.2-250 and fined him $2,500.  On appeal, appellant argues that the trial court

erred when it denied his motion to suppress the drugs found by the police during a search of his

person.  Specifically, appellant contends that the trooper who searched him did not have a

reasonable suspicion that he was armed and dangerous, and, therefore, the trooper's actions violated

the Fourth Amendment principles as established in Terry v. Ohio, 392 U.S. 1 (1968).  Alternatively,

he also contends that, even if the pat-down search for weapons was valid, the trooper exceeded the

scope of such a search as established in Terry.  Finally, appellant contends that his eventual consent

to the removal of a vial from his pocket did not cure the trooper's violations of the principles in

_____

        [1] Judge Kendrick presided over the trial and sentencing of appellant.  Judge William T.
Newman, Jr., presided over the suppression hearing and denied appellant's motion to suppress.

Terry, and, therefore, the vial was still not admissible into evidence. We find that the trial court did not err in denying appellant's motion to suppress, and, therefore, we affirm his conviction.

BACKGROUND

At 2:00 a.m. on October 15, 2006, Trooper Weidhaas was traveling down Interstate 66 in Arlington County. As he drove along, the trooper spotted a silver car parked on the right shoulder of the interstate, in a well-lit area. Trooper Weidhaas pulled over, parked behind the silver car, and got out of his patrol vehicle.

As Trooper Weidhaas walked toward the car, he noticed that the windows and the sunroof of the silver car were open. Before he reached the car, the trooper "detected a strong odor of marijuana coming from" the car. Based on this smell of drugs, the officer stated that he became concerned that the passengers might have guns.

Three men were in the silver car – appellant sat in the back seat, Maurice Sprurgeon (Sprurgeon) sat in the front passenger seat, and Valdemere Perry (Valdemere) sat in the driver's seat. Trooper Weidhaas approached Valdemere first and asked for his information. Upon checking his driving record, the trooper discovered that Valdemere's license was suspended. The trooper then began checking to see if any of the passengers could legally drive the car. Around this time, at least one other trooper arrived at the scene and took control of Valdemere.

Trooper Weidhaas then turned his attention to Sprurgeon. Sprurgeon was not "very coherent" and "looked visibly impaired." His reactions were slow and unsteady, and he was non-responsive. Trooper Weidhaas thought Sprurgeon might be under the influence of marijuana or PCP. Based on his training and experience, the trooper believed that persons under the influence of PCP were inclined to suddenly attack and to ignore pain, such that they will ignore any officer's attempts to restrain them. If Sprurgeon was under the influence of PCP, then the trooper was concerned that he presented a significant danger to the officers.

- 2 -

Trooper Weidhaas asked Sprurgeon to step out of the car, and, as he did so, Sprurgeon dropped a small vial onto the ground by the car.  The vial's cap came off, and the trooper could see a dark green plant material inside the vial that looked like marijuana.  The trooper thought the marijuana was treated with something like PCP.

The trooper arrested Sprurgeon and read his <u>Miranda</u> rights to him.  Trooper Weidhaas testified at the suppression hearing that Sprurgeon then admitted that he had smoked PCP that evening.  The trooper did a field test of the substance in the vial, and it tested positive for marijuana and PCP.

After dealing with Sprurgeon, Trooper Weidhaas approached appellant.  Appellant was in "the exact same" condition as Sprurgeon, i.e., "visibly impaired," "[n]ot very coherent," unsteady on his feet, and non-responsive.  The trooper believed appellant had also used PCP.  During the suppression hearing, appellant's counsel conceded that appellant was clearly "under the influence of something" when Trooper Weidhaas approached him.

After asking appellant to get out of the car, Trooper Weidhaas did a pat-down search of him for weapons.  During the suppression hearing, the trooper described how he used his hands during the pat-down search.  He explained that, when he reached appellant's front pocket, the trooper felt and saw a bulge that "was consistent with" the vial that Sprurgeon had dropped on the ground.

Trooper Weidhaas asked appellant about the item, and appellant was non-responsive.  The trooper testified that he then asked appellant, "Would you mind showing what's in your pockets?"  Appellant reached into his pocket and pulled out a vial exactly like the one that Sprurgeon dropped.  When Trooper Weidhaas asked what was in the vial, appellant said "marijuana."  Appellant also admitted that he had smoked PCP that night, and the trooper then arrested him.

At the suppression hearing, appellant argued that Trooper Weidhaas did not have a reasonable belief that appellant was armed and dangerous, so the pat down was in violation of his Fourth Amendment rights, pursuant to Terry v. Ohio, 392 U.S. 1 (1968). Appellant also argued that the pat-down search went beyond the scope of Terry because the trooper put the item between his fingers while doing the pat down. Appellant argued that the "consent" he then gave (and pulling the item out of his pocket) was tainted by these Fourth Amendment violations, and, therefore, the evidence was not admissible. The Commonwealth argued that the trooper had reasonable suspicion to believe a crime was committed and that appellant was armed and dangerous because the officer believed appellant was under the influence of PCP.

The trial court found the frisk was permissible because drugs were involved. The court also noted that the frisk was "a very close case," but denied appellant's motion to suppress. A jury found appellant guilty of possession of PCP and fined him $2,500.

ANALYSIS

A. "Armed and Dangerous"

Appellant argues that the trial court had no evidence before it to support the conclusion that the trooper reasonably believed that he was armed and dangerous, as required under Terry, 392 U.S. 1. However, the Commonwealth on appeal does not rely upon the trial court's Fourth Amendment analysis under Terry and instead suggests that this Court can affirm the trial court's decision to deny appellant's motion to suppress on an alternative Fourth Amendment theory – that Trooper Weidhaas had probable cause to arrest and to search appellant.

We assume without deciding here that the trial court erred when it found that Trooper Weidhaas had reasonable suspicion to believe appellant was armed and dangerous. Appellant argues that we should not consider the Commonwealth's alternative justification for the trial court's denial of his motion, as the prosecutor did not argue this alternative rationale to the trial court. We

- 4 -

must first address this argument before we can consider whether the trooper had probable cause to support his actions.

## B. Right Result/Wrong Reason

The Commonwealth asks this Court to affirm appellant's conviction because Trooper Weidhaas had probable cause to arrest appellant, which would justify the search under the Fourth Amendment as a search incident to an arrest. See Chimel v. California, 395 U.S. 752, 755 (1969); Wright v. Commonwealth, 222 Va. 188, 193, 278 S.E.2d 849, 852-53 (1981). The Commonwealth acknowledges that the prosecutor did not specifically argue to the trial court that the trooper had probable cause to arrest, but argues that the right result was reached here, even if the court applied the wrong rationale. See Schultz v. Schultz, 51 Va. (10 Gratt.) 358, 384 (1853) ("[I]t is the settled rule that how erroneous soever may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons."). Appellant counters that this case does not present an appropriate situation to apply the doctrine of "right result, wrong reason" under Whitehead v. Commonwealth, 278 Va. 105, 677 S.E.2d 265 (2009), modified, No. 080775 (Oct. 22, 2009). Based on the record in this case, however, we disagree with appellant.

The Supreme Court in Whitehead considered whether the evidence was sufficient to convict Whitehead of receiving stolen property. For the first time on appeal, the Commonwealth argued that Whitehead had "received the stolen property *itself* under the doctrine of constructive possession," id., slip op. at 9 (emphasis added), and asked the Supreme Court to affirm the conviction because the right result was reached, even though the trial court used the wrong reasoning. The Supreme Court refused to consider this new theory of guilt offered by the Commonwealth, stating, "[C]ases in which the party seeking affirmance failed to present the

argument in the trial court, such that the trial court did not have an opportunity to rule on the argument, are not 'proper cases' for the application of the doctrine." Id., slip op. at 10.

Nevertheless, the Supreme Court of Virginia then emphasized:

The Court of Appeals has previously observed that:

An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason. However,

[t]he rule does not always apply. . . . [T]he proper application of this rule does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision.

Harris v. Commonwealth, 39 Va. App. 670, 675-676, 576 S.E.2d 228, 231 (2003), Blackman v. Commonwealth, 45 Va. App. 633, 642-643, 613 S.E.2d 460, 465 (2005) ("an appellee may argue for the first time on appeal any legal ground in support of a judgment so long as it does not require new factual determinations.") We agree with these holdings by the Court of Appeals.

Id., slip op. at 12-13.

The Court also cited Eason v. Eason, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963), in which the Supreme Court refused to consider the appellees' estoppel argument because that defense was not mentioned during trial, and so the trial court never made the factual findings required for application of estoppel. Thus, Whitehead, contrary to appellant's claim, applies only when the new argument made on appeal involves consideration of factual findings that the trial court never reached, rather than application of a different legal theory to facts already considered by the trial court. See Commonwealth v. Hill, 264 Va. 541, 548, 570 S.E.2d 805, 809 (2002) (overturning Hill v. Commonwealth, 37 Va. App. 1, 553 S.E.2d 529 (2001)) (finding a trial court "reached the correct result in this case, although for the wrong reason" where the

- 6 -

Supreme Court did not indicate that the legal analysis used to affirm Hill's conviction was argued to the trial court and where the Commonwealth, when arguing before the Court of Appeals, had conceded that a different legal theory for affirming the trial court should be applied). Cf. Schultz, 51 Va. (10 Gratt.) at 384 ("[I]t is the settled rule that how erroneous soever may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.").

In addition, in the case before this Court, the Commonwealth argues on appeal that Trooper Weidhaas had probable cause to arrest appellant prior to the pat-down search, and, thus, the search was permissible. This argument, like the argument based on reasonable suspicion that was presented to the trial court here, is also a Fourth Amendment argument. All the facts required to consider this legal argument were presented to the trial court and considered by it when it addressed the Fourth Amendment reasonable suspicion argument of the trial prosecutor. Thus, we find the posture of this case is quite similar to the situation in the recent case of Moore v. Commonwealth, 276 Va. 747, 754, 668 S.E.2d 150, 154 (2008), where the Supreme Court reversed this Court and found that "invok[ing] the 'probable cause standard' rather than the applicable 'reasonable suspicion standard'" leaves "no doubt" that the issue in question involves the Fourth Amendment.

We find that this case presents an appropriate situation for the application of the right result/wrong reason doctrine. Whitehead does not preclude consideration of the legal theory presented here – that probable cause existed for the arrest and search of appellant. As in Moore, the parties here were aware at all stages of this case that the courts would look to the Fourth Amendment to determine if Trooper Weidhaas's actions were appropriate – regardless of whether the question involved probable cause or reasonable articulable suspicion.

C. Probable Cause

As noted, *supra*, the Commonwealth argues on appeal that Trooper Weidhaas had probable cause to arrest appellant, and, therefore, the search did not violate the dictates of the Fourth Amendment even if the search was not justified under the principles established in Terry. Appellant agrees that, if the trooper had probable cause to arrest him, then the search was valid as a search incident to arrest. See Wright, 222 Va. at 192-93, 278 S.E.2d at 852-53 (finding that an officer with probable cause for an arrest can search the suspect first and then arrest him); Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505, 506-07 (1990) (noting that the search, if supported by independent probable cause, need not follow the arrest). However, appellant contends the trooper did not have probable cause to believe he was in possession of illegal drugs.

We agree with the Commonwealth that Trooper Weidhaas had probable cause to arrest appellant. Thus, we conclude that the trial court – even assuming without deciding that some of its reasoning was not correct – reached the right conclusion when it denied appellant's motion to suppress.

The United States Supreme Court has explained probable cause numerous times. In Maryland v. Pringle, 540 U.S. 366 (2003), cited by both parties here, that Court noted:

> "[t]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt," [Brinegar v. United States, 338 U.S. 160, 175 (1949)] (internal quotation marks and citations omitted), and that the belief of guilt must be particularized with respect to the person to be searched or seized, Ybarra v. Illinois, 444 U.S. 85, 91, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979).
>
> *       *       *       *       *       *       *
>
> To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to" probable

- 8 -

> cause, <u>Ornelas [v. United States</u>, 517 U.S. 690,] 696, 134 L. Ed. 2d
> 911, 116 S. Ct. 1657 [(1996)].

<u>Id.</u> at 371 (some brackets in original).

Here, as Trooper Weidhaas approached the silver car, which was stopped on the shoulder of Interstate 66 at two o'clock in the morning, he smelled a strong odor of marijuana coming from the car. Trooper Weidhaas had additional information as well by the time he confronted appellant. Prior to his interaction with appellant, the trooper had arrested another passenger in the car – Sprurgeon. Trooper Weidhaas recovered PCP and marijuana that Sprurgeon had dropped as he got out of the car. Sprurgeon behaved in a manner consistent with someone under the influence of PCP, and Sprurgeon had admitted to the trooper that he had smoked PCP that evening. Appellant was behaving in the exact same manner as Sprurgeon, allowing the officer to reach the logical conclusion that appellant had also smoked PCP that evening. Appellant's counsel conceded at the suppression hearing that appellant was clearly "under the influence of something" when Trooper Weidhaas talked to him. Based on all these facts, which the trial court clearly considered in finding the trooper had reasonable suspicion for the pat-down search, the trooper certainly had probable cause to believe that appellant possessed illegal drugs – either by having joint or constructive possession of the drugs originally in Sprurgeon's hand or by having actual possession of other drugs that the officer had not yet seen. <u>See</u> <u>Ritter v. Commonwealth</u>, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970) (noting that possession of an illegal drug can be actual, constructive, or joint).

Appellant argues that probable cause "must be particularized with respect to the person to be searched" and contends that the facts here did not particularly indicate that he actually possessed PCP or marijuana. We believe the facts here provided the trooper with sufficient information to particularize the probable cause to appellant.

First, appellant was one of only three people in the car, which was parked on the shoulder of the interstate, from which the smell of marijuana was emanating. Second, appellant had clearly ingested some intoxicating agent, and the only agents at the scene were PCP and marijuana. Third, the trooper, based on his training and experience, believed appellant's behavior indicated that he had ingested PCP and/or marijuana. In addition, Sprurgeon had admitted that he smoked PCP earlier that evening, and appellant was behaving in exactly the same manner as Sprurgeon. These facts did more than suggest that someone in the general area had marijuana or PCP in his possession – they gave the trooper probable cause to believe that appellant in particular possessed and had been using illegal narcotics. See Dodd v. Commonwealth, 50 Va. App. 301, 310-11, 649 S.E.2d 222, 226-27 (2007) (discussing joint possession of drugs found in the center console of a car) (citing Pringle, 540 U.S. 366).

CONCLUSION

We assume without deciding that the trial court erred when it found Trooper Weidhass had sufficient information to provide him with reasonable articulable suspicion that appellant was armed and dangerous. Nevertheless, we find that the trial court's ruling that denied the motion to suppress was correct as the trooper had probable cause to arrest appellant and, therefore, did not violate the Fourth Amendment when searching him. Thus, we find the trial court did not err in denying appellant's motion to suppress, and we affirm appellant's conviction.

                                                                                        Affirmed.