COURT OF APPEALS OF VIRGINIA

Present:   Judges Haley, Alston and Senior Judge Clements
Argued at Alexandria, Virginia


T. B.[1]

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0029-10-4                  JUDGE JAMES W. HALEY, JR.
                                                         OCTOBER 12, 2010

ALEXANDRIA DEPARTMENT OF HUMAN SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          Donald M. Haddock, Judge

              Dale Warren Dover, Guardian *ad litem* for appellant.

              Thomas K. Cullen for appellant.

              Matthew W. Greene, Special Assistant City Attorney (James L.
              Banks, Jr.; Jill A. Shaub; Martin, Arif & Greene, PLC; Office of
              the City Attorney, on brief), for appellee.

              Adrian P. Showells, II (Knight & Stough, LLP, on brief), Guardian
              *ad litem* for the minor child.



                                        I.

        T.B., by her guardian *ad litem*, Dale Dover, appeals the trial court's order finding that her

daughter, T.M.B., met the definition of an abused or neglected child set forth in Code

§ 16.1-228.  Mr. Dover acted as T.B.'s guardian *ad litem* in the court below.  In addition to a

guardian *ad litem*, T.B. also has a court-appointed attorney, Thomas Cullen, who did not appeal

her case to this Court and who opposed Mr. Dover's position at oral argument.  Adrian Showells,

guardian *ad litem* for T.M.B., opposes Mr. Dover's position as well.  Somewhat inexplicably,

---

[1] Following this Court's usual policy of maintaining the anonymity of minor children, we
have amended the caption in this case to refer to appellant by her initials.  For the same reason,
this opinion also uses initials to identify appellant's daughter.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

given the substance of the trial court's final order, the opening brief of the guardian *ad litem* for T.B. requests a ruling that her daughter, T.M.B., was indeed an abused or neglected child within the meaning of the statute, albeit for a reason not relied on by the trial court. T.B.'s guardian *ad litem* contends that the word "child" in Code § 16.1-228 should be understood to include a "viable fetus" and, because T.B. used marijuana while she was pregnant with T.M.B., T.M.B., therefore, met the definition of an abused or neglected child even before her birth. In response, the Alexandria Department of Human Services ("the Department") contends that, whatever the merits of this argument, this is not a proper case to address it. The Department further contends that, given her argument on appeal, T.B. is not an "aggrieved party" within the meaning of Code § 17.1-405, the statute defining this Court's appellate jurisdiction over, *inter alia*, cases involving the control or disposition of a child. We agree with the Department, and must, therefore, dismiss this appeal.

## II.

### Facts

The Juvenile and Domestic Relations District Court for the City of Alexandria placed T.B. in the Department's custody on September 13, 2007, in response to the Department's petition alleging that T.B. was a child in need of services ("CHINS") within the meaning of Code § 16.1-228. During T.B.'s foster care proceedings, the court appointed Dale Dover as guardian *ad litem* to represent T.B.'s interests. Pursuant to the juvenile court's orders, T.B. lived in a rehabilitation facility and then in a group home, both in Richmond, VA, before she ran away sometime during a weekend visit to her grandmother around August 8, 2008. Her whereabouts were apparently unknown to the Department until October of 2008, when she returned to the Department's custody after being served with a detention order. By this time, she was pregnant.

T.B. ran away again in February 2009. She had no further contact with the Department until she gave birth to T.M.B. in an Alexandria Hospital on April 16, 2009. The next day, the

- 2 -

Department took T.M.B. into emergency custody pursuant to Code § 63.2-1517. The juvenile court issued an emergency removal order on April 20, finding that T.B. had admitted to smoking marijuana during her pregnancy. Following a hearing, the court issued an adjudicatory order on May 27, 2009, finding that T.B. did not seek prenatal care for T.M.B. and declaring T.M.B. a neglected child within the meaning of Code § 16.1-228. On June 26, 2009, the juvenile court issued a dispositional order, incorporating the factual findings of the adjudicatory order, transferring custody of T.M.B. to the Department, and providing for reasonable visitation between mother and daughter within the discretion of the Department. The juvenile court also approved a foster care plan, with the goal of eventually returning T.M.B. to her mother. Mr. Dover, as guardian *ad litem* for T.B., appealed both orders to the circuit court.

T.B. appeared in the circuit court on December 8, 2009, and so did her court-appointed attorney, Mr. Cullen. Also present were Mr. Dover, as guardian *ad litem* for T.B., Mr. Showells, as guardian *ad litem* for T.M.B., Ms. Sabir, counsel for T.M.B.'s unknown father, and Mr. Greene, on behalf of the Department. At the outset of the hearing, Mr. Dover stated that he disagreed with the finding of abuse and neglect, which is why he appealed the case to circuit court. Mr. Cullen then argued to the court that his client, T.B., did not want to appeal the juvenile court's neglect finding. T.B., who by then was seventeen years old, testified as follows:

> Well, I don't really have no objections to them appealing because I didn't want to appeal it. I thought everything that they found downstairs in the Court was true. I didn't have no problem against what they found. And my decision on it, I just think it's stupid because how can they – it's my fault when I did what I did when I was pregnant or whatever the case may be, and I don't think that DSS should be held - held accountable for doing what – for my actions. So I don't know why he really appealed it because I didn't want to appeal it. I didn't.

There followed a lengthy discussion between the court and legal counsel for the parties over whether the scope of Mr. Dover's original appointment to act as T.B.'s guardian *ad litem* in T.B.'s CHINS case and subsequent foster care proceedings included a similar appointment to act

- 3 -

for T.B. in the separate proceeding to resolve the Department's allegations that her child, T.M.B., was an abused or neglected child and to establish an appropriate foster care plan for T.M.B. Though the trial court did not expressly rule on this question, we find that an acceptance of Mr. Dover's view of the scope of his appointment is implicit in the fact that Mr. Dover was permitted to remain in the case, to make arguments, and to examine witnesses.[2] The Department also stated, with no objection from Mr. Dover or Mr. Cullen, that T.B. had decided to give T.M.B. up for adoption and that all parties would seek, in the juvenile court, a new foster care order for T.M.B., with the new goal of adoption.

The Department called one witness, Leslie Jerkins, a child protective services worker for the City of Alexandria, who testified she was assigned to T.B.'s foster care case in June 2008 and that T.B. later admitted to her that she smoked marijuana while she was pregnant on December 31, 2008. During Mr. Dover's cross-examination of Ms. Jerkins, the court inquired of the parties whether they might all agree on a disposition of the case, given that none of the parties intended to seek enforcement of the foster care plan Mr. Dover had appealed from juvenile court, with the goal of returning T.M.B. to T.B.'s custody, and the representations of counsel that the parties had agreed to seek a new foster care order with the goal of adoption. After a brief recess, the representatives of all parties, including Mr. Dover, as guardian *ad litem* for T.B., assented to an order remanding the case to the juvenile court for the filing of a new foster care plan, with the goal of adoption. As an evidentiary basis for the proposed order, the court accepted a proffer from the Department that Taren Lambert would testify that T.B. had indicated her belief that adoption was in T.M.B.'s best interests because T.B. could not provide an appropriate home for T.M.B. within the statutory time frame. Everyone present agreed that the trial court should issue this order, except Mr. Dover, who agreed to the new order remanding the case to the juvenile

---

[2] Neither party appealed this implicit ruling, so we express no opinion on whether the trial court decided it correctly.

court for a new foster care plan, but asked the court to note his "objection to the adjudicatory order."

> MR. DOVER: Your Honor, may I state the basis for my objection for the record?
>
> THE COURT: Yes.
>
> MR. DOVER: My objection is based on I would ask for a finding that under 616.1-228 [sic] as to the definition of a child, and that my objection is that I would be asking for a finding that on January 22, 2009, when T.M.B. or T.B. was put back into the community her daughter, T.M.B., was a child under 16.1-228 and was put at risk by being put back into the community

This appeal followed.

### III.

### Analysis

According to Code § 17.1-405, only an "aggrieved party" may appeal a final order of a circuit court involving the control or disposition of a child. The requirement that a party must be "aggrieved" by the decision he or she seeks to appeal, like the related doctrines of mootness and standing, exists to prevent courts from issuing advisory opinions or deciding abstract questions not essential to the resolution of the specific cases before them. Cf. Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998); Harbor Cruises, Inc. v. State Corp. Comm'n, 219 Va. 675, 250 S.E.2d 347 (1979); Hamer v. Commonwealth, 107 Va. 636, 637-38, 59 S.E. 400, 400 (1907). As a United States Court of Appeals said of similar federal prudential standing requirements, "[t]hese are rules of judicial self-restraint and are applied to further preserve 'the proper - and properly limited - role of the courts in a democratic society.'" Wright v. BankAmerica Corp., 219 F.3d 79, 86 (2d Cir. 2000) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)).

The essential problem with this appeal concerns the argument of T.B.'s guardian *ad litem* and the specific relief he seeks from this Court. As a general matter, a guardian *ad litem* may appeal an adverse ruling. See Stanley v. Fairfax Cty. Dept. of Social Serv., 242 Va. 60, 62, 405 S.E.2d 621, 622 (1991); Givens v. Clem, 107 Va. 435, 437, 59 S.E. 413, 414 (1907). And, like every guardian *ad litem*, Mr. Dover has an obligation to "faithfully represent the . . . interests of the person under a disability for whom he is appointed." Code § 8.01-9. Thus, T.B.'s own statement to the trial court – that she was satisfied with the result of her case in the juvenile court and did not want Mr. Dover to appeal her case to the circuit court – does not necessarily prevent her guardian *ad litem* from pursuing a further appeal to this Court. It might be appropriate to do so, if the guardian *ad litem* believes in good faith that such an appeal is in his ward's interest.[3] But in his brief, Mr. Dover does *not* ask us to reverse the trial court's final order in this case, *i.e.*, the order finding that T.M.B. was an abused or neglected child pursuant to Code § 16.1-228. Instead, the conclusion of appellant's brief reads as follows:

> Wherefore, for the foregoing reasons, it is respectfully requested that this Honorable Court rule that a viable fetus is a child or entity subject to the protection of the Court within the meaning of Virginia Code Section 16.1-228. It is respectfully requested that this Honorable Court further find that T.M.B. was abused or neglected or put at risk, by Agency action, in violation of her rights under the Due Process Clause of the Fourteenth Amendment.

Brief of Appellant at 23. We cannot issue the ruling appellant seeks while remaining faithful to the following principle: "'The desire to obtain sweeping relief cannot be accepted as a substitute for compliance with the general rule that the complainant must present facts sufficient to show

---

[3] We express no opinion as to whether it was in T.B.'s or in T.M.B.'s best interests for T.M.B. to be adopted or to remain in the custody of T.B., as that issue is not before us. We do note that it is difficult to imagine why it would be in T.B.'s interest for her guardian *ad litem* to seek a ruling from this Court that T.M.B., as a viable fetus, was an abused or neglected child for the purposes of Code § 16.1-228. On brief and at oral argument, Mr. Dover has consistently failed to explain why his ward's interest is best served by seeking a ruling from this Court that would sustain the result of the trial court's order, while substituting his suggested rationale for the trial court's reasoning.

that his individual need requires the remedy for which he asks.'"  Schlesinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 221-22 (1974) (quoting McCabe v. Atchison, T. & S.F.R. Co., 245 U.S. 151, 164 (1914)).  And we believe the requirement that only an "aggrieved party" may appeal a circuit court's final order, and specifically the interpretation of the term "aggrieved party" in the Supreme Court's decision in Harley, 256 Va. 216, 504 S.E.2d 852, compels us to dismiss this appeal without considering the merits of Mr. Dover's ostensible question presented.

The defendant in Harley was convicted of several offenses, and he appealed, arguing that the circuit court erred in denying his motion that a transcript of his prior suppression hearing be produced for him at state expense.  Id. at 217, 504 S.E.2d at 852-53.  A panel of this Court agreed with the defendant, but affirmed his conviction on the grounds that the error was harmless.  Harley v. Commonwealth, 25 Va. App. 342, 350, 488 S.E.2d 647, 650 (1997).  Even though this Court had affirmed the defendant's convictions, the Commonwealth sought further review in the Supreme Court of the Court of Appeals' ruling that the defendant was entitled to a transcript of his suppression hearing at state expense.  Harley, 256 Va. at 218, 504 S.E.2d at 853. The Supreme Court, however, dismissed the Commonwealth's appeal, holding that the Commonwealth was not an "aggrieved party" under former Code § 17-116.08 (now Code § 17.1-411).  Id.  "We do not agree that the Commonwealth is aggrieved by the Court of Appeals' ruling with respect to the issue of Harley's entitlement to a free transcript of his suppression hearing."  Id. at 219, 504 S.E.2d at 853.

> The Commonwealth is apprehensive, of course, about the effect
> the Court of Appeals' decision will have upon future cases.  But
> the Commonwealth's concerns are hypothetical and can only be
> based, at best, upon speculation and conjecture.  Its apprehension,
> therefore, is not sufficient to qualify it as a "party aggrieved"
> within the meaning of Code § 17-116.08 and the explication given
> the word "aggrieved" in the case of Virginia Beach Beautification
> Commission v. Board of Zoning Appeals, [231 Va. 415, 344
> S.E.2d 899 (1986)].  Neither the statute nor the case can be read to

> provide the Commonwealth a present appeal based upon the apprehension that it will suffer the imposition of some future burden.

Id. at 219, 504 S.E.2d at 854.

Through her guardian *ad litem*, T.B., like the Commonwealth in Harley, seeks to appeal the trial court's ruling without seeking to change the result of that ruling. It is true that, in an appropriate case, an *appellee* may argue that the trial court reached the correct result, albeit for the wrong reason, see Perry v. Commonwealth, 55 Va. App. 122, 128, 684 S.E.2d 227, 229-30 (2009), but an appellee, by definition, is not a party aggrieved by the earlier decision. Thus, like the Commonwealth in Harley, T.B. "invites this Court to render an advisory opinion on a moot question based upon speculative facts. This is an exercise in which this Court traditionally declines to participate." Harley, 256 Va. at 219, 504 S.E.2d at 854.[4]

The Department and Mr. Showells, as guardian *ad litem* for T.M.B., argue that Mr. Dover failed to adequately preserve his question presented for appeal. Given our determination that T.B. is not an "aggrieved party," there is no need for us to consider this question. Code § 17.1-405 concerns this Court's appellate jurisdiction, and jurisdiction is always a threshold question. See Commonwealth v. Southerly, 262 Va. 294, 297, 551 S.E.2d 650, 651 (2001); Parrish v. Jessee, 250 Va. 514, 520, 464 S.E.2d 141, 145 (1995). Thus, it is necessary for us to consider whether a party has properly preserved a question for appeal only after this Court's jurisdiction has been established.

---

[4] Notwithstanding the Harley Court's reference to the mootness doctrine in the text above, it is unnecessary for us to decide whether this appeal must also be dismissed as moot. We hold only that, given Mr. Dover's arguments and requested relief, T.B. is not an "aggrieved" party within the meaning of Code § 17.1-405.

IV.

Conclusion

For the reasons above, we hold that, given T.B.'s argument and the relief she seeks on appeal, she is not an aggrieved party within the meaning of Code § 17.1-405.  This appeal is, therefore, dismissed.

Dismissed.