## CIRCUIT COURT OF THE CITY OF RICHMOND

Kimberly Johnson Jones

v.

City of Richmond
School Board

January 4, 2016

Case No. CL13-3951

By Judge W. Reilly Marchant

The parties, by counsel, came before the Court on December 16, 2015, on Respondent's Motion for Summary Judgment and Amended Motion for Summary Judgment and Petitioner's Motion for Summary Judgment. The Court, having considered the argument of counsel made at the hearing and their written motions and arguments filed prior to the hearing and, upon consideration thereof, the Court makes the following findings.

### I. *Standard*

Rule 3:20 of the Supreme Court of Virginia states, in relevant part, "[i]f it appears from the pleadings [or] the admissions . . . in the proceedings . . . that the moving party is entitled to judgment, the court shall enter judgment in that party's favor." The purpose of summary judgment is to allow the trial court to end litigation at an early stage when it clearly appears that one of the parties is entitled to judgment as a matter of law, as made out by the pleadings and the admissions of the parties. *Carson v. LeBlanc*, 245 Va. 135 (1993); *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589 (1956). Under Rule 3:20, summary judgment can be awarded only on questions of law and only where there exists no genuine dispute of material fact. All reasonable inferences must be viewed in the light most favorable to the non-moving party. *Andrews v. Ring*, 266 Va. 311 (2003).

## II. *Facts*

As indicated at the oral argument, both parties agree to the "Statement of Undisputed Material Facts" set out in Paragraphs 2 through 15 of Respondent's Motion for Summary Judgment, and the Court, therefore, decides the issues now before the Court in light of those agreed facts.

## III. *Analysis and Findings*

Section 22.1-87 of the Code of Virginia provides:

> Any parent, custodian, or legal guardian of a pupil attending the public schools in a school division who is aggrieved by an action of the school board may, within thirty days after such action, petition the circuit court having jurisdiction in the school division to review the action of the school board. Such review shall proceed upon the petition, the minutes of the meeting at which the school board's action was taken, the orders, if any, of the school board, an attested copy of the transcript, if any, of any hearing before the school board, and any other evidence found relevant to the issues on appeal by the court. The action of the school board shall be sustained unless the school board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion.

Petitioner agrees that she is no longer the parent, custodian, or legal guardian of a pupil attending the City of Richmond Public Schools. Therefore, the Respondent argues that the Petitioner lacks standing to seek relief pursuant to § 22.1-87 of the Code of Virginia, as amended, and that her claims are now moot.

Clearly, the language of § 22.1-87 restricts the application of the statute to parents or custodians or guardians of a child attending the Richmond City Public Schools. The parties agree that the Petitioner decided to remove her child from the Richmond Public School system, and did so sometime after the filing of her petition herein. As a result, the Court finds that the Petitioner does not fall within the definition of an aggrieved party as set out in the statute, and she would, therefore, lack standing to maintain this action and the issues relating to the Petition are now moot.

The Judicial Power, under Article III of the United States Constitution, extends only to actual "cases and controversies." *Massachusetts v. Mellon*, 262 U.S. 447 (1923). A party does not have standing to assert a purely abstract question, however interesting and important it may be, but has standing only to seek redress of injuries affecting that party. *Harbor Cruises, Inc. v. State Corp. Comm'n*, 219 Va. 675 (1979); *Hankins v. Town of Va. Beach*, 182 Va. 642 (1944).

The Petitioner argues that she falls within an exception to the mootness and standing bar discussed above. That exception is a special category of disputes that are "capable of repetition" while "evading review." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 563 (1980); *Turner v. Rogers*, 131 S. Ct. 2507, 2515 (2011); *Southern Pacific Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498 (1911).

> A dispute falls into that category, and a case based on that dispute remains alive, if "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the *same complaining party* [will] be subjected to the same action again."

*Turner*, 131 S. Ct. at 2515 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)) (emphasis added). This exception "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974)); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982).

However, there is no allegation by the Petitioner or even a suggestion that the Petitioner's child will again attend school within a Richmond Public School District. Without any such allegation, or agreement of fact, the Petitioner has not made a "reasonable showing," nor is there a "reasonable expectation" that she will again be subject to the same *alleged* wrongful action of the School Board. Without that showing, the Petitioner does not fit within the exception to the standing/mootness bar to her Petition as she argues. Therefore, the Court finds that the Petitioner lacks standing and her Petition is now moot.

In the Petitioner's response to Respondent's Motion for Summary Judgment, the Petitioner states:

> Even if the Court simply declared the action by the School Board to be arbitrary and capricious, without granting any further relief, it would be vindication to the petitioner's work bringing this case and a warning to Richmond Public Schools, and districts around the state, to abide by due process standards and refrain from such bad behavior, particularly when underlying issues of race and class are present in a school district.

(Petitioner's Resp. to Respondent's MSJ, p. 4.) However, this request of the Petitioner is essentially for an advisory opinion, and as indicated above, is not within the jurisdiction of this Court.

Former Judge of this Court, Richard Taylor, in his Opinion and Order dated December 13, 2013, found that the Petitioner did have standing as an aggrieved party, but that finding was based solely on the alleged time bar of the Petition being filed more than 30 days after the June 3, 2014, School Board vote. The Court found that the actions of the School Board took place "over a series of dates throughout summer 2013 that culminated with the vote on August 5 [, 2013]," and that, since the Petition was filed within thirty days of that last date, August 5, 2013, it was not time barred. That holding, though couched in terms of standing, was limited to the time limit for filing the Petition and did not address the lack of standing and mootness issues related to the Petitioner's status as no longer a parent or guardian of a child attending a Richmond City Public School. Therefore, that prior ruling of Judge Taylor is not binding or determinative of the current standing and mootness issue before the Court.

As a result of this Court's findings that the Petitioner lacks standing and that the matter is now moot, the Court need not address the other argument of the parties raised in Respondent's Motion for Summary Judgment and Amended Motion for Summary Judgment and the Petitioner's Motion for Summary Judgment alleging that the actions of the School Board were arbitrary and capricious and an abuse of discretion.

For all the reasons set out above, the Court grants the Respondent's Amended Motion for Summary Judgment and dismisses the Petitioner's; the Court denies and dismisses the Petitioner's Motion for Summary Judgment.