# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and Causey
Argued at Lexington, Virginia

SUSAN D. GOFORTH, ET AL.

v.      Record No. 0551-23-3

RAE LEE DAVIS

MEMORANDUM OPINION[*] BY
JUDGE DORIS HENDERSON CAUSEY
JANUARY 28, 2025

FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

E. Kyle McNew (James J. O'Keeffe, IV; James K. Cowan, Jr.;
MichieHamlett, PLLC; CowanPerry PC, on briefs), for appellants.

Monica T. Monday (Travis J. Graham; David R. Berry; Tommy Joe
Williams; Gentry Locke; Tommy Joe Williams, P.C., on brief), for
appellee.

This case stems from a complex history of litigation between the parties.[1]  While the

present case has obvious and unavoidable ties to previous litigation, this Court will avoid

duplication where it can.  The present litigation was filed in February 2021, a year from the time

the previous litigation was decided by our Supreme Court.  In the present case, Rae Lee Davis

has asserted conversion and unjust enrichment claims against Susan Goforth, Garnett Davis, and

the Agnes Davis estate, and sought rent and easement payments collected by the defendants[2]

over the last six years.  The circuit court ruled in favor of Rae Lee, awarding $366,747.18, with

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] *See Davis v. Davis*, 298 Va. 157 (2019).

[2] In the present case, Susan Goforth was named as a defendant individually and as the
executor of the Estate of Agnes Davis.  "Susan" refers to her in both capacities, unless otherwise
noted.

interest, and—contrary to a stipulation of both parties—the court allowed defendants a real estate tax credit for the amount they paid on the properties. This appeal followed.

On appeal, Susan and Garnett argue: (1) the circuit court erred in denying the defendants' plea in bar on the grounds of res judicata; (2) the circuit court erred in denying the defendants' plea in bar on the grounds of the statute of limitations; (3) the circuit court erred in finding that plaintiff did not have standing to assert her claims until after the Supreme Court's ruling in *Davis v. Davis*, 298 Va. 157 (2019); and (4) the circuit court erred in entering judgment for the plaintiff on the claim for conversion: (a) in finding that appellants' receipt and retention of the funds was wrongful; (b) for entering judgment on a conversion claim based on the ownership of real property; and (c) for entering judgment for payments made more than five years before the plaintiff filed suit.

Rae Lee assigns cross-error, alleging: (1) the circuit court erred in ruling that the defendants are entitled to an award of reimbursement of real estate taxes they paid on the Armentrout and Simmerman farm properties and erred in failing to enforce the "Stipulation of the Parties" which barred the recovery of real estate taxes on those properties; and (2) the circuit court erred in rejecting and finding inappropriate plaintiff's claim for unjust enrichment.

This Court affirms in part and reverses in part, finding no reversible error by the circuit court, except with respect to its finding of an offsetting tax credit for defendants. Thus, we remand to the circuit court with direction to remove the tax credit from its judgment.

BACKGROUND

In its decision, *Davis v. Davis*, our Supreme Court settled an initial dispute as to the true ownership of the "Armentrout" and "Simmerman" farms originally owned by Rae Lee's now deceased husband, Samuel "Dickey" Davis. In their opinion, the Court held that a land transfer made by the late Agnes Davis, mother of Dickey acting as his power of attorney, was invalid.

298 Va. at 176. The Armentrout and Simmerman farms, which were not validly transferred to Susan and Garnett, were thus rightly still part of Dickey's estate by the time of his death. Roughly a year after the Supreme Court invalidated the land transfer by Agnes, Rae Lee brought the present action alleging conversion and unjust enrichment claims against Susan and Garnett in connection with their possession of the two properties for six years. The properties collect easement payments from American Electric Power and Oakwood Home. In response, Susan and Garnett filed pleas in bar on res judicata and statute of limitations theories. The circuit court denied both pleas in bar because (1) there was no res judicata, as the prior claims were not heard on the merits as they were dismissed for lack of standing, and (2) the claims were not barred by the statute of limitations because the clock began to run when the Supreme Court remanded the case to the circuit court "to address the remaining issues regarding the interpretation of Dickey's will, and the proper distribution of Dickey's property pursuant to the terms of his will." *Id.* At trial, the circuit court found for Rae Lee on her conversion claim and not on her unjust enrichment claim, because while the property was not validly Susan and Garnett's, the rent payments being made to them were valid at the time, and therefore unjust enrichment was not applicable. The court awarded Rae Lee $366,747.18, with interest for her conversion claim. Additionally, the circuit court found that defendants were "entitled to reimbursement of real estate taxes they paid on these two properties, as a credit against the foregoing judgment." However, all parties stipulated against the addition of the tax credit as part of the final judgment.

## ANALYSIS

On appeal, Susan and Garnett allege that the court erred in denying the plea in bar on the grounds of res judicata, arguing that the court disposed of Rae Lee's claims in the earlier litigation. They also contend that the court erred in denying the plea in bar on the grounds of the statute of limitations, because Rae Lee's claims accrued when Susan and Garnett received rent

- 3 -

and easement payments from 2014 to 2019.  Based on the five-year statute of limitations for conversion in Code § 8.01-230, Susan and Garnett allege that because Rae Lee filed suit in 2021, the statute of limitations barred any conversion cause of action that accrued before 2016.  Susan and Garnett argue that the circuit court erred in determining Rae Lee did not have standing to assert her claims until after the Supreme Court's reversal of the circuit court's order, because Rae Lee had standing once the payments began.  They further allege that the circuit court erred in entering judgment on Rae Lee's claim for conversion because when Susan and Garnett received the funds, it was not wrongful, and because the conversion claim was based on the ownership of real property, not personal property.

In her crossclaims, Rae Lee argues that the circuit court erred in holding that Susan and Garnett could offset the judgment with the amount of real estate taxes they paid on the property.  Rae Lee also contends that, should this Court find the circuit court erred in granting her claim for conversion, this Court should nevertheless affirm because Susan and Garnett were unjustly enriched from the rent and easement payments.

I.  *Plea in bar on the grounds of res judicata*

"Whether a claim or issue is precluded by a prior judgment is a question of law this Court reviews de novo."  *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 653 (2019).  Here, appellants argues that res judicata bars Rae Lee from recovering on her claim.  Our Supreme Court's Rule 1:6 defines res judicata as follows:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the

- 4 -

> particular remedies sought. A claim for relief pursuant to this rule
> includes those set forth in a complaint, counterclaim, cross-claim
> or third-party pleading.

Susan and Garnett argue that if Rae Lee were to bring these claims for conversion and unjust enrichment, those claims should fail because she was required to have brought these claims at the beginning of the original litigation—beginning in 2013—and that because she brought those claims in the CL15-194 suit, she is precluded from bringing them now. "Whether a claim or issue is precluded by a prior judgment is a question of law this Court reviews de novo." *Lane*, 297 Va. at 653. Rae Lee's claims adjudicated under the initial claim were dismissed for lack of standing, not on the merits of the case. This Court in *Johnson v. Rock Solid Janitorial, Inc.*, No. 0144-23-1, slip op. at 8, 2023 Va. App. LEXIS 740, at *11 (Nov. 8, 2023), held that claim preclusion did not apply in matters where claims were "dismissed . . . with prejudice for lack of standing." Therefore, appellants' arguments to bar Rae Lee's claims under a theory of res judicata, fail.

## II. *Plea in bar on the grounds of statute of limitations*

A circuit court's "decision on a plea in bar of the statute of limitations involves a question of law that we review de novo." *Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019) (quoting *Van Dam v. Gay*, 280 Va. 457, 460 (2010)). Here, the question on whether the claim is valid is a question of when the clock started. The statute of limitations on a conversion claim is five years from the accrual of the cause of action; and the clock starts from the date of injury. Code § 8.01-243(B); *Bader v. Cent. Fidelity Bank*, 245 Va. 286, 290 (1993). Rental and easement payments were made in 2014 and 2015, respectively. Susan contends that the clock for this claim to be brought began when Garnett and Susan started receiving those payments from American Electric and Oakwood. Rae Lee contends that she did not have standing to sue for the injury until the Supreme Court order in 2019 gave her ownership of the

property.  To prove her conversion claim, Rae Lee is required to show: (1) Rae Lee owned or had legitimate rights to the Armentrout and Simmerman properties; (2) Rae Lee had direct and immediate possession of those properties; (3) Susan and Garnett were exercising dominion and control over Rae Lee's property; (4) that dominion and control by Susan and Garnett was wrongful or unjustified; and (5) in so doing, Rae Lee has been denied rights over her property. Kent Sinclair, *Sinclair on Virginia Remedies* § 12-2 (5th ed. 2023).  The relevant question is: when did Rae Lee have direct and immediate possession of those properties?  The circuit court correctly decided that she did not have that right until 2019.  The entire point of the previous litigation was that her lawful possession of the property was taken from her.  Since the ownership of the property was in question and was the nexus of the 2013 litigation, she could not have brought her claim until after the Supreme Court's final decision on the matter in 2019.  If she had no valid interest in the property, at the time, she would not have had standing to bring the suit, as only the personal representative of Dickey's estate would have standing to sue on behalf of the estate.  *Phillips v. Rohrbaugh*, 300 Va. 289, 303 (2021).  Thus, Susan and Garnett's plea in bar under a statute of limitations theory, fails.

III. <u>Timeliness of Rae Lee's filings and standing as they relate to the Supreme Court of Virginia's ruling in Davis v. Davis</u>

"The question of whether or not a litigant has standing is a 'question[] of law subject to *de novo* review on appeal.'"  *Biddison v. Va. Marine Res. Comm'n*, 54 Va. App. 521, 527 (2009) (alteration in original) (quoting *Moreau v. Fuller*, 276 Va. 127, 133 (2008)).

In *Phillips v. Rohrbaugh*, our Supreme Court ruled that only the personal representative of an estate has standing to sue on behalf of the estate.  300 Va. at 303.  Here, appellants contend that Rae Lee's standing to sue arose in 2013 because she was the true owner of the property then, and appellants rely on this theory of standing to argue that her case is now time-barred.

- 6 -

However, Rae Lee was not the rightful owner of the property until after the Supreme Court's ruling in the prior case. Therefore, she did not have any legitimate rights to vindicate until after that prior ruling, when Susan and Garrett's possession of the property was found to be invalid. *See Westlake Prop., Inc. v. Westlake Pointe Prop. Owners Ass'n, Inc.*, 273 Va. 107, 120 (2007) (stating that "standing" requires a plaintiff to "'show an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest'" (quoting *Harbor Cruises Inc. v. State Corp. Comm.*, 219 Va. 675, 676 (1979) (per curiam))).

Our Supreme Court has long held that a right of action does not accrue until an injury occurs. *Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 158 (2018); *Louisville & N. R. Co. v. Saltzer*, 151 Va. 165, 171 (1928). Therefore, Rae Lee's standing to file for her current conversion claim did not accrue until 2019, when our Supreme Court found Rae Lee as the true owner. The circuit court correctly found it is now timely filed as she had five years from the date of the injury in which to file.

IV. *The circuit court correctly found for Rae Lee on her conversion claim.*

The court order "shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. We defer "to the trial court's factual findings and view the facts in the light most favorable to the prevailing party, but we review the trial court's application of the law to those facts de novo." *Davis*, 298 Va. at 167 (quoting *Tuttle v. Webb*, 284 Va. 319, 324 (2012)).

Considering the decision by the Supreme Court that the land transfer to Garnett and Susan was invalid and that the will should have applied upon testator's death in 2013, Rae Lee is the rightful owner of the properties in question. Despite this direction from the Supreme Court and evidence before the circuit court of when the payments were made to the invalid parties and for how long they collected it, appellants argue that conversion should not have applied because

- 7 -

their possession and taking of the payments was not "wrongful." Arguments are raised by appellants regarding comingling of assets, chattel versus real property, and if money is subject to conversion claims at all. Rae Lee's claim is simply about the unlawful possession of property by another, while the other is unlawfully collecting payments that belong to her. The facts as stated on brief and before the circuit court are clearly of a conversion claim. *See PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 344 (2003); *Grayson v. Westwood Bldgs. L.P.*, 300 Va. 25, 73 (2021). Appellants also argue that even if there is a legitimate claim for conversion, it should fail because the receipt and retention of the proceeds owed to the owners was not "wrongful." A party's innocence in keeping unlawfully collected funds is no defense in tort. "Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion." *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 76 (1956) (quoting 9 Michie's Jur. *Trover and Conversion* § 4). If the proceeds that the land accrued were to go to the owner of the land, then Susan and Garnett were actively engaged in depriving Rae Lee of her property (the proceeds). *PGI*, 265 Va. at 344. The circuit court correctly found that appellants plainly committed the tort of conversion against Rae Lee.

Rae Lee additionally asserts (on cross-claim), that this Court should reverse the circuit court and revive her unjust enrichment claim. In its most recent case regarding the remedy, the Supreme Court has defined the elements of unjust enrichment as: "(1) plaintiff conferred a benefit on defendant; (2) defendant knew of the benefit and should reasonably have expected to repay plaintiff; and (3) defendant accepted or retained the benefit without paying for its value." *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 486 (2020) (quoting *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116 (2008)). This matter is not a contract claim. There was no transaction or interaction between Rae Lee, Garnett, and Susan that would imply a contract. Rae

Lee never gave anything to Susan and Garnett that conferred any benefit. Therefore, the circuit court correctly found that Rae Lee's unjust enrichment claim fails.

V. *The circuit court erred in holding that Susan and Garnett were entitled to a tax offset to the judgment amount for the real estate taxes paid by them on the property invalidly transferred, as was stipulated by both parties.*

The parties stipulated that the tax reimbursement was not requested in the resolution of this case, but the circuit court nonetheless gave appellants the tax offset. While this is irregular, appellee's counsel was asked to draft the order with the offset language, and they did so but objected to it. The language was clear:

> The parties have reached an agreement to limit the issues involved in the trial. Specifically, they have agreed that [Susan, Garnett, and Agnes' estate] will not assert any claims for offset of their costs incurred, such as payment of real estate taxes, insurance maintenance, etc., related to those properties known as the Armentrout and Simmerman farms; and similarly [Rae Lee] has agreed not to pursue her alleged damages in this action other than those arising from the [rent and easement payments].

Our Courts favor the use of stipulations and are discouraged from allowing parties to prevail on issues in contradiction to those agreed upon by stipulation. *McLaughlin v. Gholson*, 210 Va. 498, 500-01 (1970). What the parties agreed to, in writing, must be enforced by the circuit court. We therefore remand this portion of the circuit court's decision with the directive to alter the final order by discarding with the defendants' awarded tax credit.

CONCLUSION

This court affirms the circuit court decision in part, reversing only to its finding of the offsetting tax credit, thus, we remand the case to the circuit court with the directive to revoke the award of the offsetting tax credit to the defendants.

*Affirmed in part, reversed and remanded in part.*